Bowers *v.* Bowers.

———·•✦•·———

BOWERS, Respondent, *vs.* BOWERS, Appellant.

1. A finding of the facts which merely states that the defendant was guilty of acts and abuse which were indignities, without stating the nature of the acts or abuse, is not sufficient to support a decree for a divorce.
2. A petition for a divorce which only charges, in general terms, that one party offered to the other indignities which rendered his or her condition intolerable, is not sufficiently specific under the statute.

*Appeal from Weston Court of Common Pleas.*

This was a petition for divorce and alimony, filed by Mary A. Bowers against Samuel C. Bowers. The plaintiff obtained a decree, and the defendant appeals. The facts found by the court below are sufficiently stated in the opinion of the court.

*Vories,* for appellant. 1. The finding of the court below was not supported by the evidence. 2. The finding does not support the decree. No *fact* was found which entitled plaintiff to a divorce. 3. The court erred in allowing plaintiff a gross sum, out of the defendant's estate, instead of allowing her a share of his income. *Miller* v. *Miller,* 6 J. C. R. 91. *Burr* v. *Burr,* 10 Paige's Ch. Rep. 26.

*Hayden,* for respondent. 1. This court will not look behind the finding of the court below into the evidence, as no motion for a review was filed, until after four days had elapsed. 2. The allegations of the petition and the finding are sufficient to support a decree. 3. The sixth section of the act concerning divorce and alimony, gives the court a discretion as to what order shall be made touching alimony.

GAMBLE, Judge, delivered the opinion of the court.

In this case, the petitioner seeks a divorce from her husband. The cause of the divorce stated in the petition is intended to be brought under the clause of the statute which allows a divorce to be granted, when " either party shall offer such indignities to the other as shall render his or her condition intolerable." The trial was before the court, and there is a finding of the facts upon which a divorce was granted, and the defendant appealed.

1. The finding of the court, in that part of it which relates to the question, whether such indignities were offered by the defendant to the plaintiff as to render her condition intolerable, is in these words : " That, through defendant's relations, his mind was completely poisoned against her ; that, after his recovery, and the commencement of the difficulty, as in proof, the acts and abuse in proof, of the defendant and his relations, in reference to plaintiff, were by concert, and intended to drive her off, and get rid of her and her claim to alimony ; that their acts and abuse, the motive for which was understood by plaintiff, were such indignities to her and her person as did render her condition intolerable."

The finding of the court should state the description of acts which constitute the indignities complained of, particularly when third persons are introduced as actors in the domestic difficulties of man and wife. In the petition, we find many facts stated which do not savor of the character of indignities, such as uselessly removing, without consulting the petitioner, from a comfortable house to an open log cabin, and from thence to another inferior house, called in the petition, a kitchen, and such as failing to provide the petitioner with proper matters of comfort. Yet these acts may have been considered by the court acts which amounted to indignities. There is not charged in the petition any violence to the person of the petitioner, nor any abusive language, and yet, abuse is found as perpetrated by the defendant and his relations.

It may not be necessary here to pass upon the sufficiency of the petition, but it appears to be clear that the court, when finding abuse that is not charged, and acts said to be indignities, should have found, if not the acts in minute detail, at least the character of the acts, which, as indignities, are regarded by the court as a ground of divorce.

2. We do not regard a petition as sufficiently specific, under the statute, which only charges, in general terms, that one party offered to the other indignities which rendered his or her condition intolerable. The defendant is entitled to know with what he is charged in more particular language ; and, in the present case, passing by the petition, we require that the finding of facts by the court, shall be more specific than the mere finding that the acts and abuse were indignities, without stating even the nature of the acts or the abuse.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.