26 647
52 92

MARY E. DWYER, Appellant, v. WILLIAM DWYER, Respondent.

St. Louis Court of Appeals, June 2, 1887.

1. DIVORCE—RES JUDICATA.—Certain facts having been pleaded as a ground of divorce and a decree having been rendered thereon, such decree is conclusive on both parties as to such facts.

2. —— PLEADING AND PROOF.—In divorce proceedings, the recovery must be on the state of facts which existed when the suit was brought.

3. —— VAGRANCY.—The vagrancy of a husband, which is ground for a divorce, is the vagrancy as defined by section 1568, and by chapter 166, of the Revised Statutes. (Rombauer, J., dissenting).

4. —— Section 1568, of the Revised Statutes, applies to a vagabond husband who, being able, fails to support his family, and not to one who fails to support a member of his family for reasons justifiable or otherwise. (Lewis, P. J., dissenting).

5. —— EVIDENCE—PRACTICE.—A decree of divorce must be based upon competent and legal evidence having probative force, and not upon hearsay testimony, regardless of whether such testimony be objected to.

APPEAL from the St. Louis Circuit Court, DANIEL DILLON, Judge.

*Affirmed.*

ALEX. J. P. GARESCHÉ, and E. A. B. GARESCHÉ, for the appellant: The defendant being guilty of conduct such as to constitute him a vagrant within the meaning of the law concerning vagrants, by his utter neglect to contribute to the support of his wife, though possessed of ample means to do so, is a valid ground for divorce. Rev. Stat., sects. 1568, 2174; *Whaley v. Whaley*, 50 Mo. 581; *The State v. Green*, 87 Mo. 587; *McVey v. McVey*, 51 Mo. 420.

BOYLE, ADAMS & McKEIGHAN, for the respondent.

Thompson, J., delivered the opinion of the court.

This is an action for divorce and alimony, brought by Mary E. Dwyer against her husband, William Dwyer. The matters of difference which exist between this unfortunate couple now come before this court for the third time. In the first case Mrs. Dwyer brought an action against her husband for a divorce, shortly after quitting his mansion and separating from him, on the ground, as she alleged, of indignities offered by him to her, such as rendered her condition intolerable. It was held by this court, affirming the judgment of the circuit court, that her evidence failed to exhibit such a state of facts as entitled her to a divorce under the statute. *Dwyer v. Dwyer*, 2 Mo. App. 17. The spouses thereafter continued to live apart for about ten years, holding no communication with each other—the wife supporting herself by her own exertions, and the husband contributing nothing to her support—until, in 1883, the husband brought an action for divorce against the wife on the ground of abandonment. In this action the wife filed a cross-petition, in which she claimed a divorce from the husband, on the ground that he had deserted her, and neglected and refused to provide for her support. In that suit such proceedings were had that this court, reversing the judgment of the circuit court, held that neither party was entitled to a divorce from the other. *Dwyer v. Dwyer*, 16 Mo. App. 422.

The present petition sets up the same matters which were adjudicated against Mrs. Dwyer by this court in the two former actions, and sets up the additional ground that the defendant "has been guilty of such conduct, both then and since [meaning both at the time of their living together in 1873 and since], and up to and inclusive of the date of the filing of this petition, as to constitute him a vagrant within the meaning of the law respecting vagrants."

I. At the trial the plaintiff gave evidence tending

to show the treatment by her husband toward herself while she lived with him in 1873, and the reasons which impelled her to quit his place of abode; and she admitted that she had testified to substantially the same facts in the former actions. The defendant put in evidence, against the objection of the plaintiff, the record of the court in the former actions, under that part of his answer which pleaded a former adjudication. There was no error in this, and it is not necessary to enlarge upon so plain a proposition. The circuit court could not, and neither can we, re-judge the judgments of this court in those cases. Those judgments, whether well or ill-founded, are, upon elementary principles, conclusive upon that court, upon this court, and upon every other court.

The only remaining question is, whether the plaintiff has shown the defendant to have been guilty of such conduct as to constitute him a vagrant within the meaning of the statute respecting vagrants. If she has shown this, she is entitled to a divorce, and, incidentally, to alimony, under the provisions of section 2174, and other sections of chapter 28, of the Revised Statutes.

II. At the outset there is a question whether the charge of vagrancy was pleaded with sufficient definiteness to amount to a statement of a cause of action upon that ground. Undoubtedly, the petition is not sufficiently specific. It was held by the supreme court, in *Bowers v. Bowers* (19 Mo. 351), that a petition which merely charged, in general terms, that the defendant had offered to the plaintiff indignities which rendered her condition intolerable was not sufficiently specific under the statute. But it was not held that such a petition would not support a judgment, where there had been a trial without any objection to its insufficiency. Undoubtedly, the defendant in the present case would have been entitled to a rule on the plaintiff to make her petition in this respect more definite and certain; but a majority of the court are of opinion that, after a trial

and judgment, without any objection to the sufficiency of the petition upon this ground, and in the absence of anything in the record indicating that the defendant has been thereby prejudiced, we ought not to affirm the judgment, irrespective of the merits as shown by the evidence, merely because of the indefiniteness of the statement in the petition. While we agree with the doctrine that waiver does not apply in divorce proceedings, since the state is, in a sense, a party to every such cause, and the law prohibits decrees by consent or collusion, yet the history of this litigation and what appears on the face of the present record clearly show that a rule which would require explicit definiteness of statement on the part of the plaintiff, whether the defendant should object or not, would have no application to such a case as this. On this point Judge Rombauer deems it unnecessary to express an opinion.

. Judge Lewis is, however, of opinion that the plaintiff ought not to be precluded from having the merits of this charge considered by this court because of the indefiniteness of the petition in setting it out, for the further reason, that, at the commencement of the trial, the plaintiff asked leave to amend her petition, and substitute after the word "petition," in line eleven thereof, the words, "and since the filing of this petition, by his failure and refusal to support the plaintiff;" which leave to amend the court refused. In order to understand the effect of this amendment, it should be stated that the petition, if so amended, would have run as follows : " And has been guilty of such conduct, both then and since, and up to and inclusive of the day of the filing of this petition, and since the filing of this petition, by his failure and refusal to support the plaintiff, as to constitute him a vagrant within the meaning of the law respecting vagrants." Judge Rombauer and I do not concur in this view of Judge Lewis. We are of the opinion that this amendment was properly rejected, for the reason, if for no other, that it contained an element

which could not be injected into the case, namely, the conduct of the defendant since the filing of the petition. The general rule is, that the plaintiff can only recover upon the state of facts existing at the time of the commencement of his action, and that if he had not a cause of action at the time when his action was brought, he can not amend by charging matters subsequently arising, but if he wishes to avail himself of such matters, he must dismiss and bring a new action.

Upon the question, whether the evidence adduced on behalf of the plaintiff shows that the defendant was a vagrant within the meaning of the law relating to vagrancy, the members of the court are likewise unable to agree. Judge Lewis and I are of opinion that the statute (Rev. Stat., sect. 2174), in using the words, "within the meaning of the law respecting vagrants," has reference to any and all of the provisions of the Revised Statutes respecting vagrants, not only to the provisions of chapter 166, but, also, to the provisions of section 1568, which is found in the criminal code ; but Judge Rombauer is of opinion that the statute refers to the provisions of chapter 166, merely. Judge Lewis is further of opinion that the evidence in this case brings the defendant within the clause of section 1568, which describes a vagrant as "every able-bodied man who shall neglect or refuse to provide for the support of his family" ; but Judge Rombauer and I do not share in this opinion, and as we two differ with each other in opinion upon this question, I will merely say for myself that, while I am of opinion that, in order to entitle the wife to divorce, on the ground that her husband is a vagrant within the meaning of section 1568, Revised Statutes, the evidence must be such as would support a conviction for vagrancy in a criminal prosecution under that section, I do not think that the evidence in this case would support such a conviction. It does not appear, by any competent evidence, that Mr. Dwyer has ever neglected, or refused, to provide for the support of

his family. I am of opinion that the wife does not cease
to be a member of her husband's family from the mere
circumstance that she may reside apart from him. I
have no doubt that the mere circumstance of her so
residing, does not entitle him to refuse to support her.
But I am of opinion that the statute has no application
to the case of a husband who neglects, or refuses, to
support his wife who wilfully and wrongfully lives apart
from him, and who wilfully and wrongfully refuses to
return to him and perform the duties of wife. If this
was Mrs. Dwyer's position, I should say that the statute
could have no application to this case, although she may
have been the sole member of her husband's family.

I am also of opinion, and on this point I understand
Judge Rombauer to concur with me, that the criminal
statute is leveled against vagabond husbands, who, hav-
ing the ability to do so, neglect and refuse to support
their families generally, and that it does not apply to a
case of a husband who merely neglects, or refuses, to
support a single member of his family. There is no
competent evidence, in this record, that Mr. Dwyer has
not other dependent members of his family for whose
support he is providing. The mere statement of the
plaintiff, testifying as a witness, that another person
had told her that he had driven all his children away
from home, although not objected to, is not evidence
which we can consider at all, as triers of the facts. The
law ascribes to such evidence no probative force ; and it
would be a misuse of. our functions to determine a con-
troversy of this importance upon such evidence, though
not objected to.

It results from this statement of the views of the
members of the court that, while no two of the judges
have been able to agree upon all points, a majority of
the court agree in affirming the judgment. In doing so,
we think it right to say, as we said in the case between
these parties in 16 Missouri Appeals, that it is a case
where two spouses appear to have quarreled and sep-

arated on grounds which are not, in law, justifiable in either. The mere fact that they hate each other, and are not willing to live together, does not entitle either of them to maintain an action for a divorce against the other. At the same time, we say now, as we said then : "It is clear of all doubt, on this record, that the defendant was induced to leave the home of the plaintiff on account of ill treatment by him, and that, from that day to this, he has done nothing in the way of reparation, which indicates, on his part, a willingness to have her return. On the contrary, it sufficiently appears that he is unwilling to have her return and resume the duties of wife. She is, therefore, to be taken and deemed as remaining away from his home by his consent and desire, and this consent and this desire are, of themselves, a reasonable cause for her continuing to remain away." It is not doubted by any member of the court that, while a wife remains away from her husband's domicile, with his consent, under such circumstances, he is bound, in law, to support her, and she has power to charge him for necessaries. Moreover, his continued refusal to support her may result in giving her a right to a divorce and alimony. If she should bring another action for divorce, upon the ground of vagrancy, and, on another trial, should plead and prove that she is the only member of his family ; that, since the bringing of the present action, she has demanded of him the performance of the duty of providing for her support, and that he has refused to perform this duty, she will be entitled to a divorce and alimony, in the opinion of Judge Lewis and myself, under sections 1563 and 2174, Revised Statutes.

With the concurrence of Judge Rombauer, the judgment is affirmed ; Judge Lewis dissents.

ROMBAUER, J., delivered a separate concurring opinion.

This is a case of first impression under that clause

of our divorce law, which enables the wife to obtain a divorce from the bonds of matrimony, "when the husband shall be guilty of such conduct as to constitute him a vagrant within the meaning of the law respecting vagrants." This court is a court of final jurisdiction in divorce cases, and it is, therefore, important that the views of its judges, when they differ in opinion as to the proper construction of any clause in that law, should be clearly understood. It is for this reason that I feel called upon to assign my reasons for putting a different construction upon the clause in question than the one adopted by my associates.

The statute concerning vagrants, referred to in the opinion as chapter 166, of the revision of 1879, is first found upon our statute books in the revision of 1835. The first two sections of the law as then adopted read as follows:

"Section 1. Every able-bodied person, who shall be found loitering or rambling about, not having wherewithal to maintain himself, by some visible property, and who doth not betake himself to labor, or some honest calling to procure a livelihood, and all able-bodied persons who are found begging, and who quit their homes and leave their wives and children without the means of subsistence shall be deemed and treated as vagrants.

"Sect. 2. All keepers or exhibitors of any gaming table, or gambling device, and all persons who travel or remain on steamboats, or go from place to place for the purpose of gaming, shall be deemed and treated as vagrants." Rev. Stat. 1835, p. 613, sects. 1 and 2.

The law then makes provision for the trial, conviction, and hiring out of the vagrant at the court house door for the term of six months. This law has remained, substantially, the same from the date of its adoption to the present day.

The vagrancy clause in the divorce law first appears in the revision of 1845, and reads there as follows: "When the husband shall be guilty of such conduct as

to constitute him a vagrant, within the meaning of the first and second sections of an act respecting vagrants." This language was retained in the revision of 1855, but in the revision of 1865 it was altered so as to read, "within the meaning of the law respecting vagrants," and that phraseology has been retained ever since.

Now, it will not be contended that this change intended to change the construction of the law, or to introduce any new feature into it, because, at that date, there was no other law in this state, respecting vagrants, than the law above referred to, and now known as chapter 166 of the present revision, nor was there any definition of vagrancy in the statutes anywhere, except in the first two sections of that law.

In 1879, the revisors added a new section to our criminal code, creating an offence defined as vagrancy, entirely independent of the well known law on that subject, which had been in force for a period of over forty years, and, among other things, made any one punishable as a vagrant, "who shall be engaged in any unlawful calling whatever."

If I understand my associates correctly, they hold that the commission of any offence, which makes the husband punishable as a vagrant, under the provisions of the criminal code first adopted in 1879, is ground of divorce from the bonds of matrimony, on the part of the wife. In this view I can not concur for various reasons.

I. When the vagrancy clause in the divorce law was first adopted, it could only refer to the vagabond husband mentioned in the vagrancy act. The re-adoption of the statute, from time to time, was only a re-adoption of its well-defined meaning. This is in harmony with the views of the entire court, as expressed in *Dawson v. Dawson* (23 Mo. App. 169).

II. The construction put upon the clause by the majority of the court is at war with other parts of the section, because it is not well conceivable that, when

"one is guilty of a felony or other infamous crime," his wife is not entitled to a divorce, unless her husband has first been convicted, and yet she is entitled to such divorce, "if he shall be engaged in any unlawful calling whatever," which makes him punishable as for a misdemeanor, without such conviction.

The object of making vagrancy, as defined by chapter 166, a ground of divorce, is apparent. The husband abandons his family, leaves his home, and is guilty of conduct which subjects him to be treated as a vagabond, and to be sold at the court house door to the highest bidder for six months. The legislature might well hold, as, in my opinion, they did, that a husband, guilty of such conduct, should not continue the head of a family. He is guilty, not only of a violation of his obligations to the commonwealth, but, also, of his duties to his wife and children. His conduct materially affects the domestic relation.

It is not so, however, when the husband is simply "engaged in an unlawful calling," for which he may become punishable, either under the section of the criminal code relating to vagrancy, or under some other section of the criminal code, relating to the particular unlawful calling in which he is so engaged.

All these considerations lead me to the conclusion that, to hold that the vagrancy of the husband, as vagrancy is defined in section 1568, of the criminal code, is, also, a ground of divorce, is to put a construction upon the first section of our divorce act, which is unwarranted, alike by the history of legislation in this state on that subject, and by the object sought to be attained. Beyond all this, however, such construction is designed to introduce into one of the most important branches of the law, the one affecting our domestic relations, an element of uncertainty, throwing one of its clauses into the regions of endless conjecture.

LEWIS, P. J., delivered a dissenting opinion.

I am of opinion that, when two statutory definitions

of the same thing are found in different sections of a stat-
ute they should be read together, as if contained in a sin-
gle paragraph or section. I can recognize no authority, in
any court, to adopt the one and reject the other. If there
is an incongruity, this must be reconciled, if possible, so
as to give effect to the manifest intention of the legisla-
ture.    Section 1568, of the Revised Statutes, declares
that "every able-bodied married man, who shall neglect
or refuse to provide for the support of his family, * * *
shall be deemed a vagrant."    Section 7655 (in chapter
166) says that, "all able-bodied persons * * * who
quit their houses and leave their wives and children
without the means of subsistence, shall be deemed and
treated as vagrants."    There is here no incongruity or
inconsistency to be reconciled.    Nor can any license to
reject the first definition be found in the more compre-
hensive terms of the second.    The same general effect is
intended in both.    If it be supposed that, because sec-
tion 7655 is more comprehensive in specification, there-
fore, section 1568 must be considered as incomplete, so
that it will still be necessary that able-bodied persons shall
"quit their houses," as the other section specifies, be-
fore they can be called vagrants, the answer to this is,
that section 1568 is the later enactment of the two, and,
being in itself a complete and independent effort of leg-
islation, must be regarded as the last expression of the
legislative will.    In this view, nothing more is required
than the neglect or refusal to provide for the support of
one's family, to constitute such person a vagrant.    But,
in any view of the legislation, if the plaintiff has prop-
erly shown that the conduct of the defendant in this
case has brought him within the descriptive terms of
either provision, or within the general effect of both
taken together, she is entitled to a divorce, under the
provisions of Revised Statutes, section 2174.

It seems useless to discuss the question whether the
defendant's refusal to support his wife, in the manner

shown by this record, was a refusal "to provide for the support of his family." The facts show that Mrs. Dwyer was, at least, a member of the defendant's family. A man can not be said to support his *family* when he excludes that member of it who has the highest claim to such support. The law does not here include in the word, "family," any but those whose sustenance, by its head, is a matter of social or legal obligation. It does not include adult children, who are already providing for themselves. It does not appear, from this record, that there were any minor or dependent children in the defendant's household. The plaintiff gave some hearsay testimony, no objection being interposed, to the effect that the defendant had sent all his children away from his home. This testimony may have no probative force, yet, taking all the undisputed facts together, I think it clearly appears that the defendant, in refusing to support his wife, both before and after the institution of this suit, brought himself literally within the statutory denunciation under consideration.

The case of *Bowers v. Bowers* (19 Mo. 351), is referred to as an authority, showing that the plaintiff is not in a position to sustain the charge of vagrancy as a ground of divorce, because her petition does not specify the acts of the defendant which made him a vagrant. If the point were well taken, on the question of pleading, it would be a perversion of justice, as the record stands, to visit upon the plaintiff the consequences implied. Before the testimony was begun, she asked for leave to amend her petition, so that the charge would read thus: "That, during the whole period of said time,   *   *   *   the defendant, wholly unmindful of his duties to the plaintiff, was guilty of such conduct toward the plaintiff as to render her condition intolerable, and has been guilty of such conduct, both then and since, and up to and inclusive of the date of the filing of this petition, and since the filing of this petition, by his failure and refusal to support the plaintiff, as to consti-

tute him a vagrant, within the meaning of the law re-
specting vagrants." This amendment would have met
all the exactions to be inferred from the ruling in *Bowers*
*v. Bowers.* But the court, erroneously, in my opinion,
refused the leave to amend. Let it be conceded that the
words, "and since the filing of this petition," were im-
properly introduced into the amendment. If they were
so, this furnished no reason why the whole amendment,
with its competent and proper allegations, making the
plaintiff's charge more definite, and setting forth a com-
plete cause of action, in explicit terms, should have been
rejected. Shall a party be deprived of the right to plead
a lawful cause of action or defence, because he couples
with it some immaterial averment that he will not be
permitted to prove? I think not. On the trial, the
plaintiff testified that the defendant had not supported
her for the past twelve years, except to pay such
amounts as were awarded to her by the courts, during
the pendency of divorce suits; that she had supported
herself at dress-making, and had been obliged, at times,
to hire out as a servant. She was in debt for board and
necessaries, and had been compelled to pawn her watch
and rings. Other facts were proved, tending in the same
direction. All this testimony was directly pertinent to
the issue of vagrancy, by non-support of the wife, and
to no other issue in the case. Yet, no objection to its
introduction was offered, by the defendant, on the
ground of insufficient specification in the petition, or on
any other ground. Nor did the defendant, at any stage
of the proceedings, object that the charge of vagrancy
was insufficient, for lack of specification. In the plain-
tiff's application for leave to amend, the defendant was
notified of the specific act of vagrancy, on which the
plaintiff relied. I think that the objection, if it were here
made by the defendant himself (which it is not), would
now be too late, and that the plaintiff should not be de-
prived, by an erroneous exclusion of her proposed

amendment, of the full benefit of a charge which she has amply sustained by her proofs.

For these reasons, I respectfully dissent from the conclusion reached by my learned brothers, and am of opinion that the judgment of the circuit court ought to be reversed.