RICHARDSON *et al.*, *Appellants*, v. STOWE *et al.*

1. **Fraud, Vacation of Judgment For.** The fraud for which a judgment may be vacated or enjoined in equity must be in its procurement.

2. ———. If the cause of action be vitiated by fraud it is a defense which must be interposed, and, unless its interposition is prevented by fraud, it cannot be asserted against the judgment.

3. ———: DECREE OF DIVORCE. The foregoing rules apply to a decree granting a divorce.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Dysart & Mitchell* and *John F. Williams* for appellants.

(1) If George W. Richardson is not dead, as found by the court, then the plaintiffs are not the real parties in interest, and their bill should have been dismissed without prejudice. It was error in the court, after so finding, to decide upon the other issues raised by the pleadings, and to conclude the parties in interest for all time to come. (2) The money judgment for $1,400 rendered in the divorce suit, and charged upon the land, upon a notice by publication only, was void. *Ellison v. Martin*, 53 Mo. 575; *Gould v. Crow*, 57 Mo. 200; R. S. 1879, secs. 2179, 2180, 3481, 3482, 3483, compared with section 2175 of the divorce law, 3494, 3500; *Woods v. Waddle*, 26 Law Reg. 31, citing 2 Bish. Mar. & Div., sec. 170, and Whart. Ev. 818; *Turner v. Turner*, 44 Ala. 437; *Thompson v. State*, 22 Ala. 12. A judgment of divorce, so far as it affects the *status* of the parties, is a judgment *in rem*, but a judgment for alimony in the divorce

suit is a judgment *in personam*, and must be obtained the same as any other money judgment. 57 Mo. 200; 53 Mo. 575. A non-resident defendant may be notified by publication in a suit for "divorce," not for divorce and alimony. R. S. 1879, sec. 3494; 1 Am. & Eng. Ency. of Law, 468; 2 Wait's Act. & Def. 622, and cases cited. To reach property rights she should have resorted to chapter 51, title, "Of Married Women." (3) If the defendant, Mattie A. Stowe, was a resident of Randolph county when she sued for divorce in the Macon circuit court, as she admits in her testimony, then the proceedings in said divorce suit were without jurisdiction and void; at least the money judgment rendered therein, and the sale thereunder, were void. R. S. 1879, sec. 2175; *Pate v. Pate*, 6 Mo. App. 49; *Werz v. Werz*, 11 Mo. App. 26. The residence of the plaintiff in the county where she sues for divorce is a jurisdictional fact. (4) It is shown by the record, in fact it is not disputed, that at the time defendant married Richardson, as she claims, he was a married man; that his second wife, Clara, was living and undivorced, both at the time of the marriage and of the divorce. Hence, her marriage with him was void, and she was not entitled to have and recover alimony out of his property. R. S. 1879, sec. 3266; *Waddington v. Waddington*, 21 Mo. App. 609; *Harris v. Harris*, 2 S. W. Rep. (Ky.) 549. (5) The proof of Richardson's first marriage with Caroline was not positive, but presumptive from cohabitation, and the evidence is silent as to whether she was dead or alive, divorced or not, at the time he married Clara. In favor of innocence, the law will presume that he was never married to Caroline, or that she was dead, or divorced at the time he married Clara. See *Waddington v. Waddington*, 21 Mo. App. 609–628; *Kline v. Landman*, 29 Mo. 259. (6) It is submitted that the decision of the court was against the evidence in its finding: *First*, that George W. Richardson was not dead; *second*, and that defendant was

lawfully married to George W. Richardson; *third*, and that he was single and unmarried at the time of his marriage with defendant; *fourth*, and that the judgment for alimony rendered in the divorce suit was legal and valid; *fifth*, and that the sale thereunder vested the title to the property in question in the defendants. (7) The administrator of Richardson, if deceased, was a proper and necessary party to this action. R. S. 1879, secs. 129, 130. The land is sought to be recovered and subjected to administration. (8) It is submitted that the court erred in excluding the certificates of the recorders of Jackson county to the effect that no record of such marriage existed there. R. S., ch. 62, and secs. 3821, 3270, 3271.

*Sears & Guthrie* for respondents.

(1) The decree of divorce is not reviewable. The trial court examined, went into the question of its jurisdiction, and found and sets out in its decree the facts, giving it jurisdiction. The decree is unappealed, unreversed. It binds the world. It is unassailable. R. S. 1879, sec. 2185; *Hansford v. Hansford*, 34 Mo. App. 262; *Salisbury v. Salisbury*, 92 Mo. 683; *Childs v. Childs*, 11 Mo. App. 395. "It is within the power of the circuit court, in the first instance, to determine its own jurisdiction, where the question rests upon facts outside of the record." *City of Springfield v. Whitlock*, 34 Mo. App. 642; *State ex rel. v. Seay*, 23 Mo. App. 623, 630. Whatever right, if any, may have existed to set aside the divorce decree, was in the defendant, and personal to him, died with him and did not descend. If he had a right to bring his action for review, he could exercise it or not as he pleased. That option was personal to him. The petition claims he died without exercising such right. He had a right to waive his action. *Actio personalis moritur cum persona*. *McCunley v. McCunley*, 6 Md. 185; *Baugh v. Baugh*,

37 Mich. 59 ; *Birdzell v. Birdzell,* 33 Kan. 433 ; s. c., 52 Am. Rep. 539 ; *Kimball v. Kimball,* 44 N. H. 122 ; *Brocas v. Brocas,* 2 Swab. & T. 383 ; *Grant v. Grant,* 2 Swab. & T. 522 ; *Stanhope v. Stanhope,* L. R. (11 P. D.) 103 ; s. c., 34 Alb. L. J. 230. Whatever interest Geo. W. Richardson had in this land at the time of his death descended *eo instanti* to his heirs, and his administrator took no interest therein, no right to sue therefor. The land descended to the heirs. They took the estate, if any, with all burdens he had placed upon, or had left upon it. He was conclusively presumed to know of the judgment and of its effects and the subsequent proceedings. He did not object thereto. If it was a fraud, he had a right to submit to the fraud and did submit. The heir's mouth is closed. *Mayes v. Woodall,* 35 Tex. 687 ; *Marriner v. Smith,* 27 Cal. 649 ; *Shufelt v. Shufelt,* 9 Paige's Chan. 137 ; *Knott v. Taylor,* 99 N. C. 511. (2) The fraud required to raise the jurisdiction must relate solely to the method and proceedings in procuring the judgment. If the fraud relates to the cause of action and tends to vitiate that, it must be set up as a defense in the original action ; and, unless its interposition as such defense was prevented by the fraud of plaintiff, it cannot be asserted against the judgment. Freeman on Judgments, 489 ; *Smith v. Sims,* 77 Mo. 269, 272–274 ; *Payne v. O'Shea,* 84 Mo. 129, 133 ; *Standard v. Lacks,* 25 Mo. App. 64, 69–70 ; *Sheetz v. Kirtley,* 62 Mo. 417, and cases cited ; *Miller v. Major,* 67 Mo. 247. To annul a judgment for fraud, legal or technical fraud is not sufficient ; actual, positive fraud or fraud in fact must be shown. It must not be done upon mere surmise or suspicion, but only upon evidence which necessarily, naturally and reasonably tends to establish such fraud. *Cayce v. Powell,* 20 Tex. 767 ; *Priest v. Way,* 87 Mo. 16, 26 ; *McLean v. Bergner,* 80 Mo. 474 ; *Catzhausen v. Kerting,* 29 Fed. Rep. 821 ; *Martin v. Lutkewitte,* 50 Mo. 58.

Richardson v. Stowe.

BRACE, J.—At the September term, 1883, of the Macon circuit court the following decree was rendered :

"Mattie A. Richardson, Plaintiff,

v.

"George W. Richardson, Defendant.

"Now at this day this cause came on to be heard, the plaintiff appearing in person and by her attorney and answering ready for trial.   The defendant although being duly summoned by publication, and duly called, comes not, but makes default ; whereupon this cause is submitted to the court upon the petition of the plaintiff and the interplea of Clara J. Richardson, and the court, after hearing the evidence adduced, doth find that on the twenty-seventh day of November, 1879, the plaintiff was lawfully married to the defendant and that on the eighteenth day of October, 1880, the defendant wilfully deserted the plaintiff and without any reasonable cause abandoned her, and has ever since absented himself from her.   That the plaintiff has resided in the state of Missouri one whole year next before the filing of her petition in this cause, and was and is a resident of Macon county, Missouri.   Wherefore, it is ordered, adjudged and decreed by the court that the plaintiff be divorced from the bonds of matrimony contracted with the defendant.   That the plaintiff be awarded the care and custody of her infant child, James.   That the plaintiff have and recover judgment in the sum of $1,400 for the support and maintenance of herself and child and to defray the costs and expenses of this suit.   That the same be and is hereby declared a lien upon the real estate in plaintiff's petition described, to-wit :   The south half of the southwest quarter of section ten ( 10 ), and the northwest quarter of section fifteen (15), all in township fifty-eight (58), range thirteen (13), in Macon county, Missouri.   That execution issue hereon.   It is further ordered and decreed by the court that the interplea of

the said Clara J. Richardson be and the same is dismissed."

On the twenty-third of May, 1885, the plaintiff instituted the present suit in the same court by filing a petition in the following words, omitting the caption:

"Plaintiffs by their attorneys state that the said George W. Richardson recently died intestate, and that the said William H. Richardson is his lawful administrator, duly appointed and qualified by the probate court of Macon county.

" That said George W. Richardson died without children or other descendants, surviving both his father and mother, and that the plaintiffs, Wm. H. Richardson, John B. Richardson, Didama M. Gaines, Louisa J. Jones and Martha A. James are the brothers and sisters and only heirs of said deceased.

"That the said George W. Richardson died seized of the following described estate situate and being in the county of Macon and state of Missouri, to-wit: The south half of the southwest quarter of section ten (10), and the northwest quarter of section fifteen (15), all in township fifty-eight (58), range thirteen (13), of the value of thirty-six hundred dollars ($3,600) and over.

" Plaintiffs further state that heretofore, to-wit, on the thirteenth day of March, 1883, the defendant, Mattie A. Stowe, then falsely and fraudulently claiming to be Mattie A. Richardson and the wife of said George W. Richardson, filed in this court her petition for divorce, maintenance and alimony against the said George W. Richardson, wherein she falsely and fraudulently alleged that she was married to said George W. Richardson on the twenty-seventh day of November, 1879, in the county of Jackson and the state of Missouri, and that he had abandoned her and without cause absented himself from her for more than one whole year, etc., etc., and praying to be divorced from the bonds of matrimony so contracted, and for maintenance and alimony.

"That notice of said divorce suit was given only by publication in a newspaper published in Macon county, and said George W. Richardson, the defendant in said divorce suit, had no personal service or notice of said suit, and made no appearance thereto.

"That afterwards at the September term of the court, 1883, the said defendant, Mattie A. Stowe, plaintiff in said divorce suit, and there falsely and fraudulently pretending to be Mattie A. Richardson, and wife of the said George W. Richardson, took judgment by default against him, the said George W. Richardson, for a divorce from the bonds of matrimony so pretended to have been contracted with him as aforesaid, and falsely and fraudulently procured a judgment to be rendered therein in her favor against the said George W. Richardson for the sum of fourteen hundred dollars ($1,400) as for maintenance and alimony, cost and expenses of said divorce suit, and that the same be a charge and lien upon the said real estate.

"That afterwards on the eleventh day of January, 1884, the said defendant, Mattie A., had and procured said real estate to be sold under an execution issued under said judgment, and the same was knocked off and sold to the said Mattie A., Wm. H. Sears, Ben Eli Guthrie and John T. Jones, for the nominal sum of $800, the latter being her attorneys in said divorce suit.

"That plaintiffs are informed and believe that said Sears, Guthrie and Jones had no other or further interest in said property and the deed executed and delivered by the sheriff, than to secure their fee in said divorce suit, and that said purchase at sheriff's sale was in fact for the sole use and benefit of the plaintiff in said suit, and afterwards on the thirty-first day of July, 1884, they released and quitclaimed all their right, title and interest therein to the defendants at the nominal sum of $233.35, since which conveyance they have had no interest whatever in said real estate, nor do they claim any.

"That, soon after the purchase of said property by the said Mattie A. at sheriff's sale, as aforesaid, she intermarried with the defendant, James Stowe (who is made a party defendant herein), and she took the said release from her attorneys in the joint names of herself and husband. ·

"Plaintiffs further state that they are informed, and believe, and so state the fact to be, that it is not true, as claimed and alleged by defendant, Mattie A., that she was the wife of the said George W. Richardson.

"On the contrary, plaintiffs aver that said defendant never was married to said deceased, and never was at any time his wife, and all such claims and allegations in her said suit for divorce were false and fraudulent, a pretense and deception practiced upon this court and upon the law, in order to obtain a money judgment and acquire the said property.

"And plaintiffs further state that if ever the said defendant went through the form of a marriage with the said deceased, which they deny, the same was a pretense, a sham and a sacrilege; that defendant was a cousin of the said George W. Richardson, and well knew his family history and family relations, and well knew, at the time of such alleged marriage, that he had a lawful, living wife, and well knew she could not legally marry him; that, for several years prior to his death, and at the time of such alleged marriage, the said George W. Richardson was a person of unsound mind, laboring under hallucinations, fear and dread, and was incapable of making contracts or recognizing the relations of life. All of which was known to defendant. And he finally died by his own hands, in the city of St. Louis, in the month of March, 1885.

"And so plaintiffs say that the said defendant never was the lawful wife of the said deceased, and had no right in law or in equity to recover judgment for maintenance and alimony against him in the said divorce suit, and that the said judgment was obtained by her

false and fraudulent pretenses and representations, and by deceit practiced upon her counsel and upon this court.

"Wherefore plaintiffs pray that the proceedings in said divorce suit be vacated, annulled and set aside, and especially that the judgment so rendered by this court at its September term, 1883, in favor of said defendant, and against the said George W. Richardson, be vacated, set aside and for naught held, together with all the proceedings and sales made in pursuance thereof, and that the apparent legal title to said real estate be divested from, and out of, defendants, and vested in the estate of the said deceased, George W. Richardson, to be administered, and descend according to law, in such case made and provided, and for such other and further general and special relief as may be just and proper."

A demurrer to the petition was overruled, except to so much of it as made the administrator a party ; the defendants answered, putting in issue all the allegations of the petition, affirming the truth of all the facts found in the decree, averring that the same was obtained in good faith, and without any fraud or deceit, and that, relying upon it in good faith, they bought the real estate in the decree mentioned, intermarried, and have a child born to them of such marriage.   The court heard the evidence, and, upon the trial, dismissed the bill, finding from the evidence that "it is not true, as in the petition of plaintiffs alleged, that at the institution of this suit said George W. Richardson was dead, or that he is now dead.

"And the court doth further find that the defendant, Mattie A., was lawfully and legally married to said George W. Richardson, in Kansas City, in Jackson county, Missouri, on the twenty-seventh day of November, 1879, and that said George W. did not then have a living wife, and could legally contract marriage, and that of said marriage there was born one child, now dead.

Richardson v. Stowe.

"The court further finds that said decree of divorce was not obtained or procured by any fraud, deceit, false or fraudulent representation, or evil device practiced upon the law, the court or the jurisdiction thereof, and that all the matters and facts alleged in the petition of the said Mattie A. for divorce were fully, fairly and honestly tried and litigated in said suit, without any suppression or concealment of the truth, or any fraud whatever, and said decree honestly and fairly obtained and entered upon a fair and full trial.

"The court further finds that, at the time of the marriage of said Mattie A. and George W., said George W. was of sound mind, and fully competent to make said contract of marriage.

"The court further finds that, since said divorce, the said Mattie A. and her codefendant, James M. Stowe, have been legally and lawfully married, and have a child now living.

"The court further finds the sale of said real estate was honestly and fairly conducted, without any fraud or deceit whatever, and conveyed good title to said real estate to the purchaser at said sale of the sheriff.

"The court further finds that the defendant, James M. Stowe, has, for a valuable consideration, become the purchaser and owner of a large individual interest in said real estate, and has taken possession of the same and made lasting, permanent and valuable improvements thereon in good faith and without any notice of any defects in the title thereof."

From the judgment of the trial court dismissing the bill, the plaintiffs appeal. In the view we take of this case it will not be necessary to review or discuss the evidence heard by the trial court and upon which it based its judgment; it is sufficient to state in respect thereof that after a careful examination of that evidence we should have arrived at the same conclusion as did the trial court, except perhaps in regard to the death of the said George W.; whilst the evidence of that fact

was not by any means conclusive, yet the weight of it, we think, is that at the time this suit was commenced he was dead. Nor do we find it necessary to follow counsel in the discussion of many points made in their briefs; much of which is devoted to questions which it is assumed arise upon evidence outside of the case made by the pleadings.

A careful analysis of the petition discloses the fact that the only grounds upon which this action is sought to be maintained are that: The said Mattie A. never was married to the said George W. as found in said decree; that, at the time when the court so found that they did intermarry, the said George W. had a lawful living wife; that they were cousins, and that he was of unsound mind and incapable of making contracts or recognizing the relations of life, all of which was known to the defendant. Everything here asserted as ground for setting aside the decree was involved in the issue tendered by the defendant, Mattie A., in her petition for the divorce, was then tried, and found to be untrue. It appears upon the face of the decree, that the circuit court had jurisdiction to hear and determine finally the issues herein attempted to be again raised, and having found them for the defendant in that case except upon appeal therein, they are adjudicated and could not be raised again in this case. No fraudulent act being alleged or shown to have been perpetrated by her in obtaining said decree, or that the same was obtained in any other way or by any other means than by a bold and public assertion of her claims, and its trial by the court in the usual and ordinary way in which such issues are tried in the courts of the country. *Smith v. Sims*, 77 Mo. 269; *Payne v. O'Shea*, 84 Mo. 129.

"The fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment. If the cause of action be vitiated by fraud this is a defense which must be interposed, and unless its interposition is prevented by fraud it cannot be

asserted against the judgment." Freeman on Judg-
ments, sec. 489 ; *United States v. Throckmorton*, 98 U.
S. 61 ; 2 Story's Equity, 1575; *Irvine v. Leyh, post,* p.
—. The decree of divorce was a final determination of
every fact set out in the petition in this case as a cause
for its vacation, and was a complete answer to it, and
being a decree for divorce is not subject to review in
this proceeding. R. S. 1879, sec. 2185; *Salisbury v.
Salisbury*, 92 Mo. 683.

The question of the jurisdiction of the court to
entertain the suit and render the decree was not raised
in the pleadings ; it was raised, however, in the motion
for rehearing on some evidence tending to show that
Mrs. Stowe was not a resident of Macon county at the
time the suit was instituted. The trial court, however,
found that she was. While there is really no question
raised on the pleadings as to the jurisdiction of said cir-
cuit court to render the decree of divorce against the
said George W. Richardson in favor of the said Mattie
A., defendant herein, on the score of non-residence ;
that Mrs. Stowe had resided in the state one whole year
next before the institution of the suit and at the time of
its institution was a resident of Macon county, is not
only established by the decree of divorce, but the other
evidence in the present case tends to support the decree
in that respect. Upon this state of facts the plaintiffs
contend, however, that the court had no power (the
defendant in the divorce suit having been served only
by publication of notice) to render the decree for ali-
mony ; or to charge that alimony upon the real estate
described in the decree. This is purely a question of
law arising upon the face of the record in the divorce
suit not involved in the issues tendered and tried in this
case, goes to the force and effect of the decree and not
to its integrity, can be determined at any time when-
ever the plaintiffs by a proper legal action seek a relief
to which they may think themselves entitled as heirs at
law of the said Richardson, and no decision of that

The Cape Girardeau S. W. Ry. Co. v. Hatton.

question is called for, or would be proper in this case. The judgment of the circuit court, therefore, is affirmed. RAY, C. J., and BLACK, J., concur in this opinion. SHERWOOD and BARCLAY, JJ., concur in affirming the judgment.

| 102 | 45 |
| 114 | 665 |

| 102 | 45 |
| 123 | 478 |
| 125 | 357 |

| 102 | 45 |
| 131 | 429 |

| 102 | 45 |
| 157 | 562 |
| 157 | 563 |
| 86a | 508 |
| 86a | 509 |

| 102 | 45 |
| 173 | 451 |
| 173 | 486 |
| 173 | 2487 |
| 173 | 2490 |