EMMA MAHN, Appellant, v. GEORGE MAHN, Respondent.

St. Louis Court of Appeals, April 7, 1897; Modified and
Refiled June 1, 1897.

1. **Divorce**: EVIDENCE. The evidence in this cause is considered, and
held not sufficient to support the decree.

2. ———: INDIGNITY: PROOF. The proof of one act amounting to an
indignity, is not sufficient under the statute. (R. S. 1889, sec. 4500;
*Kempf v. Kempf*, 34 Mo. 211.)

3. ———: ALIMONY PENDENTE LITE: SUIT MONEY AND SUSTENANCE
PENDING APPEAL. Where it appeared plaintiff was destitute, and
defendant in comfortable circumstances, motions by plaintiff for
alimony *pendente lite*, and for suit money and sustenance pending the
appeal, should have been sustained.

*Appeal from the Butler Circuit Court.*—HON. J. G.
WEAR, Judge.

DECREE and order for custody of children set aside,
cross bill dismissed, and cause remanded.

*Farish & Williams* for appellant.

The proof does not establish adultery on the part
of the wife. *Brown v. Brown*, 53 Mo. App. 453.

The proof shows that defendant connived at the
offense charged, which would bar him from taking
advantage of it. *Morrison v. Morrison*, 136 Mass.
310; 2 Bish. on Mar. & Div., secs. 227, 235. See,
also, *Neff v. Neff*, 20 Mo. App. 182; *Derby v. Derby*,
21 N. J. Eq. 36.

It is not necessary that the evidence should show
that the opposite party should, under the evidence, be
entitled to a divorce, in order to defeat the applica-
tion of the plaintiff, but any misconduct of the opposite
party, of sufficient gravity, toward the marital relations,

will defeat the application. *Davis v. Davis*, 60 Mo. App. 445, 455; *Owen v. Owen*, 45 Mo. App. 208, 211.

If both parties are guilty, neither can have a divorce. *Nagle v. Nagle*, 12 Mo. 53; *Ryan v. Ryan*, 9 *Id.* 539; *Hoffman v. Hoffman*, 43 *Id.* 547; *Morrison v. Morrison*, 62 Mo. App. 300.

If the conduct of plaintiff prior to August, 1891, was of that character to entitle the husband to divorce, he has condoned such offense by his intimacy with her from February, 1892, until April, 1895. 2 Bish. on Mar. & Div., sec. 296; *Smith v. Smith*, 43 N. H. 234; *Adkins v. Adkins*, 63 Mo. App. 351. See, also, 2 Bish. on Mar. & Div., secs. 414, 418, 420; *Cummings v. Cummings*, 2 McCar. (N. J.) 138.

If the evidence shows, and the court is satisfied that the husband has filed his cross bill, not from a desire to obtain a decree of divorce, but to attain some other end, the court will withhold the decree, however much the wife may be in the wrong. 2 Bish. on Mar. & Div., sec. 433, *et seq.; Salorgne v. Salorgne*, 6 Mo. App. 602.

Wrangling and the want of conciliatory temper, is no ground for divorce. *Webb v. Webb*, 44 Mo. App. 229.

This court will look into the whole case, and render such judgment as the court below should have rendered, or will reverse and remand with directions. *State ex rel. v. St. Louis Court of Appeals*, 99 Mo. 216; *Griesdeick v. Griesdeick*, 56 Mo. App. 98.

The mother should have been given the custody of all the children. The father had shown himself to be an unfit person to have custody of them. *Voullaire v. Voullaire*, 45 Mo. 602; 2 Bish. on Mar. & Div., sec. 1164. See, also, *Id.*, sec. 1173; *Chester v. Chester*, 17 Mo. App. 651; *Lusk v. Lusk*, 28 Mo. 91; *Clarkson v. Clarkson*, 88 *Id.* 136; *Dawson v. Dawson*, 23 Mo. App. 175.

*Louis F. Dinning* and *E. J. Bean* for respondent.

The evidence shows that plaintiff and Woodworth had been criminally intimate, and the court did not err in granting defendant a divorce, nor in granting him the custody of the children. 2 Bish. on Mar. & Div., sec. 1427; 2 Greenl. Ev., par. 41; *Loveden v. Loveden*, 2 Hagg. Consistorial Rep. 1; *Jayne v. Jayne*, 25 N. Y. Supp. 810.

There is no evidence of any condonation on the part of the husband. *Welch v. Welch*, 50 Mo. App. 395; *Pain v. Pain*, 37 *Id.* 110.

The court did not err in not allowing appellant any alimony at the trial. *Adams v. Adams*, 49 Mo. App. 592; *Rosenfeld v. Rosenfeld*, 63 *Id.* 411.

MODIFIED AND REFILED JUNE 1, 1897.

BIGGS, J.—The plaintiff instituted a suit for a divorce against the defendant in the circuit court of Jefferson county. The answer contained a cross bill in which the defendant prayed for the causes therein stated, to be divorced from the plaintiff. The cross bill charged that the plaintiff had been guilty of adultery with one Harry Woodworth; that, for some time prior to the final separation, to wit, April 17, 1895, she had refused him the privileges of a husband; that she had taught their children to hate him; that she had threatened to poison him; that in 1894 she cut him with a knife; that in 1895 she denounced him (in the presence of others) as "a dog," "dirty scoundrel," and "brute," and that, from February 3, 1893, to the final separation she sought the society of other men and absented herself from home of evenings, and remained away until late hours at night. When the cross bill was filed the plaintiff dismissed her petition and instituted a like action in the circuit court of the

city of St. Louis, which action is still pending. The plaintiff filed an answer to the cross bill, in which she denied all charges of bad conduct on her part. The cause reached the circuit court of Butler county on change of venue, where it was tried on the cross bill and answer. There was a decree in favor of the defendant and the plaintiff has appealed.

The charge of adultery in our opinion is not sustained. The evidence on this subject is very unsatisfactory. It leads to no definite result.

DIVORCE: evidence. It only creates in the mind a suspicion of guilt. It tends to show that the plaintiff was indiscreet in her associations with Woodworth, but the facts and circumstances in evidence are not sufficient to induce a court to convict her of so grave a charge. The plaintiff has three young daughters, and for this reason we refrain from a discussion of the evidence in detail.

The charges that the plaintiff threatened to poison the defendant and that she denied to him the rights of a husband, we must hold to be unproved. The defendant testified in support of them, and the plaintiff denied them. This was the extent of the proof. The granting of divorces is against the interest of the state and of society, and the courts should see to it that the complainant sustains the charges by a clear preponderance of evidence.

The charge that the plaintiff taught her children to hate their father is likewise unproved. The plaintiff denied it, and two of the daughters, aged respectively thirteen and fifteen years, testified that it was not true. It was supported by the testimony of defendant only, and what he stated were not facts, but matters of conjecture merely.

In 1894 the plaintiff and defendant had a difficulty in which, according to his testimony, the plaintiff

tried to cut his throat with a knife, and in warding off her blows he was severely cut on the hand. The plaintiff testified that while they were at breakfast the defendant commenced to abuse her about a trivial matter; that to avoid his abuse she went into the kitchen for the purpose of finishing her breakfast; that he followed her into the kitchen and there renewed the quarrel and commenced to strike at her; that to protect herself from his blows, she used the knife with which she was eating as a guard, and that in this way his hand was cut, and that he thereupon knocked the plaintiff down. In this version the plaintiff is corroborated by the testimony of one of the daughters, who was the only other eyewitness of the difficulty. It is plain that this charge can not be sustained.

In March, 1895, the plaintiff and defendant had a quarrel about one of the children. The evidence for the defendant tended to prove that the DIVORCE: indignity: proof. child wanted to go to the theatre; that she asked him for money, and that he refused to give it to her; that she talked disrespectfully to him, for which he attempted to slap her; that she informed plaintiff that he had struck her with his fist; that the plaintiff came immediately into defendant's store and in the presence of several persons denounced defendant as "a brute," "a dog," "scoundrel," etc. This charge is sustained by the testimony of defendant and of two other witnesses, who claim to have been present. On the other hand the daughter testified that she asked her father for money; that he refused to give it to her; that she talked disrespectfully to him and that he struck her a severe blow. She further testified that he told her to go to her mother for money, that she had plenty, and "that when I got older I would find out how she got it," that she told her mother that her father had struck her, and thereupon the plaintiff went into the

store and the quarrel commenced. There is a direct conflict among the witnesses as to what actually took place. The defendant's witnesses stated that the plaintiff was the aggressor and the defendant said nothing, while the daughter and plaintiff testified that the defendant abused the plaintiff in a most shameful manner. Conceding that this charge of misconduct on plaintiff's part is sustained by a preponderance of the evidence, the judgment of the circuit court ought not to be sustained on that ground alone, for the proof of one act amounting to an indignity is not sufficient. The statute uses the word "indignities." Sec. 4500, R. S. 1889; *Kempf v. Kempf*, 34 Mo. 211.

In the summer of 1894, the plaintiff and defendant had a controversy about the refusal of the defendant to give plaintiff money to buy a railroad ticket. The parties differ, of course, as to what took place. The only disinterested witness said that when he stepped into the store the defendant was standing behind the counter at the money drawer; that the plaintiff was present, and that when he entered the store the defendant said "my wife has been trying to rob me several times and wants money now," and that thereupon the plaintiff called her husband "a mean dutchman," "a brute," etc. According to this witness the conduct of plaintiff was reprehensible and unladylike, but who will say that she talked without provocation. Her husband had denounced her as a thief to one of their neighbors.

The record presents other matters of difference between the parties, but a discussion of them would result in no advantage to the defendant. We have read the evidence carefully and have arrived at the conclusion that both spouses are responsible for their domestic broils. A little forbearance on the part of the wife and some effort on the part of the husband to make

his home life pleasant, would, in all probability, have prevented many of their differences. We are, therefore, of the opinion that the decree of divorce and the order for the custody of the children ought to be set aside and the defendant's cross bill dismissed.

In finally disposing of the case the circuit court failed to make any disposition of plaintiff's motion for alimony *pendente lite* which had been filed prior to the hearing. On the day the appeal was granted the plaintiff asked for allowances for suit money and sustenance during the pendency of the appeal. The latter motion was overruled except the defendant was ordered to pay for the transcript and also the filing fee in this court. One of the grounds stated in the motion for a new trial was that the court had failed and refused to act on the first motion, and the plaintiff excepted to the action of the court as to the second. It appeared upon the hearing that the plaintiff was entirely destitute; that to support herself and children she had been compelled to borrow money from her friends, and that the defendant was worth $12,000 or $15,000, and enjoyed a comfortable income from rents and the profits of his business. Under this proof the plaintiff was entitled to have both motions sustained. *Adams v. Adams*, 49 Mo. App. 592; *Penningroth v. Penningroth*, decided by us at this term; *Rosenfeld v. Rosenfeld*, 63 Mo. App. 411. The cause will, therefore, be remanded, so as to enable the circuit court to make reasonable allowances under both motions. It is so ordered. All the judges concur.

ALIMONY pendente lite: suit money and sustenance pending appeal.