FAYE HESS, RESPONDENT, v. GEORGE P. HESS, APPELLANT.—113 S. W. (2d) 139.

Kansas City Court of Appeals. January 31, 1938.

826

*J. E. Rieger* and *P. M. Marr* for respondent.

*Owen & Thurlo* for appellant.

REYNOLDS, J.—This is an action for a divorce instituted by the plaintiff against the defendant in the circuit court of Adair county, which was tried in said court on an amended petition and an answer thereto at the February term, 1937, thereof, resulting in a decree for divorce for the plaintiff and the custody of an infant child; which was asked therein. From such decrees, the defendant has appealed.

The petition is based upon indignities in that the defendant is charged to have cursed and abused, struck and slapped the plaintiff so that the plaintiff was compelled to leave the defendant on December 22, 1934, and that the defendant failed and refused to support the plaintiff and their infant child.

The answer, after admitting the marriage, tendered a general de-

nial of every other allegation in the petition contained, coupled with the defense of former adjudication or *res adjudicata.*

The plaintiff was twenty-six years old at the time of the trial and had married the defendant, who was fifty-one years old at the time of the trial, in October, 1927, and had lived with him as his wife until December, 1934.

One child, Clay Robert Hess, two years of age at the time of the trial was born of the marriage. The parties lived on a farm in Chariton county, Missouri, until December, 1934, when, according to the plaintiff's testimony, she left the defendant because of the abuse heaped upon her by the defendant, in that he whipped her on two different occasions and hit her on the side of the head, one time with a rope and the other time with a hitch ring, and that the defendant "cussed" and abused the plaintiff. At the time of the separation, the plaintiff was very scantily clad, being without underwear and having only one pair of shoes; and the child was dressed only in unionalls with a pair of inadequate slippers.

According to the defendant's testimony, he never at any time struck or abused his wife in any manner; and he had provided his wife and child with ample and sufficient clothing; and the plaintiff had, at the time of the separation, about fourteen dresses; and the child was amply clothed. In December, 1934, the plaintiff's parents called for her to take her and the child to visit them during the holidays; and the plaintiff left in good humor; and there had been no trouble between the parties. The defendant first knew there was a separation when, following the holidays in 1934, he went to Green City; and the plaintiff refused to accompany him home.

It appears that, in 1935, the plaintiff filed a divorce action in the circuit court of Sullivan county, Missouri, returnable to the May term of that court, in which she charged that the defendant mistreated her in slapping, beating, and striking her many times; that he struck her with a rope and strap and constantly abused her; that the defendant called her vile names and struck her on the head; that the defendant failed to support her and had failed to furnish her with sufficient clothing to keep her warm and had failed to support their infant child; and that, by reason thereof, she was compelled to and did leave the defendant on December 22, 1934, and thereafter refused to live with him as his wife.

The defendant filed an answer to this petition and, upon a trial of the issues raised in the circuit court of Sullivan county, Missouri, on May 10, 1935, the court entered its judgment and decree dismissing the plaintiff's petition.

It was admitted by the plaintiff and her father and mother, Mr. and Mrs. Al. Pickett, that their testimony with respect to abuse and mistreatment of the plaintiff prior to December, 1934, was the same as in the circuit court of Sullivan county, Missouri. The only new

evidence offered in this case, other than that which was presented to the circuit court of Sullivan county, Missouri, on behalf of the plaintiff, was that, following the separation and after the divorce proceeding in Sullivan county, Missouri, and while she was staying in Kirksville, the defendant came to see her and the child and, in attempting to persuade her to return and live with him, he talked loud and she (the plaintiff) asked him to leave her alone and that he did not go and she then called the police and a policeman came to her room and made the defendant leave and that, since the divorce decree, the defendant had not contributed anything to the plaintiff's support and had given the child only fifty-five cents in addition to a pair of unionalls and a cap.

The testimony concerning a visit of the defendant to the plaintiff in Kirksville, Missouri, and his failure to support the plaintiff since the separation and the decree in the former suit was objected to by the defendant but was admitted in evidence over his objection, to which he excepted at the time.

At the close of the plaintiff's testimony, the defendant moved to dismiss the plaintiff's suit because of the insufficiency of proof, which motion was refused; and, again at the close of all the evidence, the defendant moved to dismiss the plaintiff's petition because of the insufficiency of the evidence and the pleadings and because of the showing made of prior adjudication, which motion was refused.

At the time of the trial, it appears in evidence that the plaintiff had left the child born of the marriage with her parents in Green City and that she was employed as a practical nurse and laundress in Kirksville, Missouri, and that the defendant was sickly and unable to work and was under the care of a physician.

The undisputed testimony of both parties is that the parties had never lived together since December, 1934, nor since the trial in the circuit court of Sullivan county, up to and including the trial of the present case.

The petition in the action in the circuit court of Sullivan county to which reference is above made, together with the decree in such action, was introduced in evidence upon the trial in this case. The petition in that case is practically identical with the petition in this case.

No new or additional charges are made as grounds for divorce in the petition in this case to those made in the petition in the former case.

The petition in this case is based on the theory that the indignities charged in the former petition were continuing and operative at the time it was filed, by reason of all of which the plaintiff was compelled to remain absent from her husband after the separation and after the former trial, and inferentially so charges. So considered, nothing is set forth therein as a new or as an additional ground for di-

vorce which is alleged therein to have arisen since the decree in the former suit.

By the decree of the circuit court of Sullivan county in the former case, there were no indignities to survive or continue after the decree therein. The effect of that decree was that the indignities charged in that petition and testified to by the plaintiff had no existence— that there never were any such indignities offered to the plaintiff by the defendant and, therefore, none to continue. By that decree, the parties are bound; and this court is bound. [Dwyer v. Dwyer, 26 Mo. App. 647; Savage v. Purcell (Mo. App.), 9 S. W. (2d) 823; Searcy v. Searcy, 196 Mo. App. 311, 193 S. W. 871; Sanders v. Sanders (Mo. App.), 14 S. W. (2d) 458.]

If it should be considered, which we think it can not be, that the allegation in the petition in this case of the defendant's failure to support is sufficient to charge such failure since the former decree, independent of the allegation in the former suit, and is not to be treated as an allegation of a mere continuance of that failure charged in the former petition, the petition would nevertheless be left to stand upon one leg, that of such failure. We think that the petition in this case charging the defendant with such failure to support, as in all of the other matters charged in the former petition, is but a reiteration of the charge in the former petition and is sought to be based upon an alleged continuance thereof, which charge had by the court been found to have no existence and therefore is not a matter that could continue.

But if the petition be considered as suggested—that is, as one making an independent charge of failure to support since the former decree—it is, nevertheless, as stated, left to stand on one leg, that of such failure to support.

However, nonsupport of the wife by the husband is not a ground for divorce in this State. [Gallemore v. Gallemore, 115 Mo. App. 179, l. c. 192, 91 S. W. 406; Gruner v. Gruner, 183 Mo. App. 157, l. c. 183, 165 S. W. 865.]

Moreover, by the decree in the former suit, the plaintiff herein stands convicted of having abandoned and left her husband and of having absented herself from him without any reasonable cause for so doing; and it follows that he was under no obligation to support her so long as she did not return to him.

Whatever the defendant's duty may be to the child, Clay Roberts, to support him, his failure to do so may not, under the circumstances of this case, be charged as an indignity to the plaintiff. She left the defendant without cause and asserted the right to the custody of the child and took him with her and placed him with her parents, thus depriving the defendant of his rightful custody of said child. She has continued so to deprive him of his rightful custody of said child since she left him in 1934 and since, by the decree of the cir-

cuit court of Sullivan county in the former case, she was denied the right to such custody and the right to take such custody from the defendant.

Furthermore, one indignity is not sufficient upon which to base a decree of divorce. The statute authorizes divorce on account of indignities offered and not on account of one mere indignity. [Gruner v. Gruner, supra, 183 Mo. App. 157.]

The statute undoubtedly contemplates a course of conduct of one spouse toward the other whereby the latter's condition is rendered intolerable through repeated acts constituting indignities. [Dowling v. Dowling, 183 Mo. App. 454, l. c. 462, 167 S. W. 1077; Van Horn v. Van Horn (Mo. App.), 231 S. W. 634; Mahn v. Mahn, 70 Mo. App. 337, l. c. 342; Johnston v. Johnston (Mo. App.), 260 S. W. 770; Capps v. Capps (Mo. App.), 65 S. W. (2d) 661.]

The defendant contends that the trial court committed error in permitting testimony respecting the alleged conduct of the defendant subsequent to the separation in 1934 and subsequent to the decree in the former case, in quarrelling with her and in abusing her and in otherwise disturbing her peace; and so it did. The incident testified to was not alleged in the petition as a matter that had occurred subsequent to the separation or subsequent to the former decree as creating a new or an additional ground for divorce to those set out in the fomer petition. It must have been so charged before evidence thereof was admissible. [Savage v. Purcell, supra; Searcy v. Searcy, supra; Sanders v. Sanders, supra; Dwyer v. Dwyer, supra.]

There being no allegation in the petition in this case that such incident had occurred since the decree in the former suit, the decree in the former suit is res adjudicata in this suit. [Searcy v. Searcy, supra; Richardson v. Stowe, 102 Mo. 33, 14 S. W. 810; Johnson v. United Rys. Co. of St. Louis, 243 Mo. 278, 147 S. W. 1077; Hines v. Hines, 243 Mo. 480, l. c. 495, 147 S. W. 774; Coleman v. Dalton, 71 Mo. App. 14, l. c. 21 & 22; Lynch v. St. Louis, K. C. & C. R. Co., 180 Mo. App. 169, l. c. 174, 168 S. W. 224; Cantwell v. Johnson, 236 Mo. 575, l. c. 603, 139 S. W. 365; Emmert v. Aldridge, 231 Mo. 124, 132 S. W. 1050; Viertel v. Viertel, 99 Mo. App. 710, l. c. 716, 75 S. W. 187; Ogden v. Chicago R. I. & P. R. Co., 131 Mo. App. 331, 111 S. W. 516; Scientific American Club v. Horchitz, 168 Mo. App. 35, 151 S. W. 475.]

Neither was evidence of such incident admissible for the purpose of affecting the custody of the child, Clay Robert. In Savage v. Purcell, supra, 9 S. W. (2d) 823, l. c. 824, it, among other things, is said: "It is held that a divorce decree, rendered on personal service, is conclusive between the parties as to all matters adjudicated by it, and that even a change in the custody of the child can be made only on proof of new facts which, when considered with the old, show the

good of the child requires the change to be made. [West v. West, 94 Mo. App. 683, 68 S. W. 753.]''

The case of Dwyer v. Dwyer, supra, 26 Mo. App. 647, together with other cases, is also cited in support of the proposition announced.

Of course, in this case, under the pleadings, there are no old facts to consider. The decree in the former suit between the parties settles that matter. No new or additional fact arising subsequent to that decree is alleged in the petition, upon which to base the change in the custody of such minor from the custody in which it was left by that decree. Any fact or facts relied on to change the custody occurring after such decree must be so alleged. Otherwise, evidence of such facts is inadmissible.

It is unnecessary to notice other points mentioned as what is said herein disposes of them all.

It follows from what has been said that the circuit court erred upon the record in rendering a decree in favor of the plaintiff.

The judgment of the lower court is reversed, and the cause is remanded. All concur.