| 73 | 431 |
| 170 | 377 |

THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant*, v. ANTHONY.

1. **Taxes**: COUNTY COURT. County courts have power to compromise disputed claims for taxes.

2. **Pleading**: DEFECT OF PARTIES: WAIVER. Where it appears on the face of the petition that there is a defect of parties, objection must be taken by demurrer; and if not so taken it will be waived.

3. **Taxes**; INJUNCTION TO PREVENT COLLECTION. A collector of taxes, in violation of an agreement between the county court and a tax-debtor, was about to enforce collection of certain taxes assessed

against the real estate of the latter. *Held*, that injunction would lie to prevent a sale.

4. ———: ———: PROPER PARTIES DEFENDANT. All officers upon whom the law imposes a duty in regard to the collection of the revenue, may well be made parties defendant to a suit brought to enjoin illegal proceedings for the collection of taxes.

*Appeal from Washington Circuit Court.*—HON. J. B. ROBINSON, Judge.

REVERSED.

*Thoroughman & Pike* and *Wm. R. Donaldson* for appellant.

The compromise agreement having been executed and acted upon, was valid and binding upon respondent as collector. (1) The right to sue and be sued gives to a corporation the right to compromise claims. Dillon on Munic. Corp., (2 Ed.) p. 488; *Petersburg v. Mappin*, 14 Ill. 193; *Supervisors v. Bowen*, 4 Lansing 24; *Chenango v. Birdsall*, 4 Wend. 453. (2) Each county in this State is a body corporate, or *quasi* corporate, having, among others, the power to sue and be sued. The powers of a county as a body politic can only be exercised by the county court; they are the managing agents of the corporation; they have the control and management of the property, real and personal, belonging to the county. 1 Wag. Stat., 441, § 9. (3) If it be claimed that the county court undertook to give away property belonging to the county and that it had no power to do this, we answer, there was no gift in any proper sense of the term. "It was a gift in the same sense that every party to a controversy gives when he relinquishes a portion of a claim he makes against an adversary to effect a settlement and avoid further litigation." 4 Lansing 24, *supra*. (4) Respondent is estopped from denying the validity of the compromise so long as the county retains the fruits. By entering into the contract, the railway company was deprived of the power to make a full and legal defense to

the action on the merits, and the sustaining of the verdict of the court below would result in depriving it of all remedy whatsoever. (5) The collector is the agent of the county for the collecting of taxes due the county. His principal has compromised the taxes. sued for, and this compromise was a sufficient and valid release to him for any claim to the enforcement of their collection. The collector, however, ignores the contract of his principal and seeks to thwart its will.

*Carr & Reynolds* and *Wm. S. Relfe* for respondent.

The agreement, which was made July 19th, 1875, was void. No power was ever conferred on the county courts to compromise claims for taxes till the Back Tax Act of April 12th, 1877. This is not a case for injunction. It is not alleged that the county or its court are insolvent. *Fallon v. R. R. Co.*, 1 Dill. C. C. 121. No facts are alleged, and none are proven, which show that irreparable injury will result. Much less will a court of equity restrain a third party, who is not alleged to be privy to the contract or to the parties thereto, from violating or rendering nugatory the contract. If the county court was defendant, there might be some foundation for the bill. *Rubey v. Shain*, 54 Mo. 207; High on Injunctions, chap. 17, § 695; Kerr on Injunctions, § 494; *State v. Sanderson*, 54 Mo. 203; *Barton Co. v. Harrington*, 71 Mo. 118.

HENRY, J.—This is a proceeding by injunction to restrain the defendant, as collector of Washington county, from collecting certain taxes levied by the county court of said county upon the property of plaintiff, including its railroad, road-bed, etc., plaintiff alleging that there had been an agreement of settlement and compromise of said claim for taxes between the plaintiff and county, which had been strictly complied with on plaintiff's part. A temporary injunction was granted, which, on final hearing, was dissolved and the cause dismissed.

28—73

The county had sued plaintiff for taxes, and recovered a judgment in the circuit court of Washington county, which this court reversed and remanded, and, thereupon, a compromise was agreed upon between the parties, by the terms of which plaintiff was to pay a given sum in settlement, and has so far complied with the agreement, and the collector, in disregard of that agreement, was proceeding to collect the original amount and interest and penalties.

It is now contended that the county had no authority to make the compromise in question, or any compromise whatever. We are not of that opinion. The power to sue implies the power to accept satisfaction of the demand sued for, whether the precise amount demanded or less. The taxes were levied for the benefit of the county. The beneficial interest was in the county, and it is for the public interest that she should have the right to settle, by compromise, questionable demands which she may assert. Must the county prosecute doubtful claims at all hazards, regardless of costs and expenses, and is it for the public good that the right to settle such demands by compromise be denied her? As was said by the supreme court of New York in the case of the *Board of Supervisors of Orleans Co. v. Bowen*, 4 Lansing 31 : "It would be a most extraordinary doctrine to hold that because a county had become involved in a litigation, it must necessarily go through with it to the bitter end, and has no power to extricate itself by withdrawal or by agreement with its adversary." The same doctrine was sanctioned in the *Supervisors of Chenango County v. Birdsall*, 4 Wend. 453.

It is too late for the defendant to object that the county court of the county, or the clerk, was not made a party defendant. That objection should have been made by demurrer to the petition, and was waived by the failure to do so. Wag. Stat., § 10, p. 1015.

The plaintiff had a right to an injunction to prevent the collection of the taxes as originally assessed. The real estate of the company was assessed, and the proceeding

was likely to result in a cloud upon the title. This is, of itself, a sufficient ground for the interposition of equity in any case, and no real estate can be more seriously injured by conflicting titles than a railroad. Its successful operation is materially hindered by conflicting claims to the property.

The court of its own motion could, and probably to put an end to the litigation, should have ordered the county court of Washington county and its clerk to be made parties to the suit, so that a perpetual injunction would have restrained not only the collector but all persons upon whom the law imposes a duty in regard to the collection of the county revenue. The judgment is reversed and the cause remanded, and, when repossessed of the cause, the circuit court may order the county court and clerk to be made parties. R. S., § 3568; *Hayden v. Marmaduke*, 19 Mo. 403; *Butler v. Lawson*, 72 Mo. 227. All concur.