Bank v. Fudge.

# THE FARMERS' BANK OF DEARBORN, Respondent, v. ABOUDAH J. FUDGE, Appellant.

### Kansas City Court of Appeals, November 7, 1904.

1. **PARTIES: Defect of: Pleading.** A partnership sued as a corporation. No objection was raised by either demurrer or answer. *Held*, the objection was waived.

2. **INSTRUCTION: Agency: Drawing Money From Bank: Assuming Fact.** An instruction set out in the opinion is held not objectionable because it failed to submit the questions of an agent's authority to draw money from plaintiff bank and the request of the defendant to pay said money, since they were admitted in the evidence.

3. **———: ———: Conflict With Other Instructions.** Said instruction is not fatally defective in that it may conflict with an instruction given for the defendant on the questions of agency and promise to pay, the one instruction being broad enough and the other not sufficiently broad.

4. **———: Referring to Pleading: Measure of Damages.** An instruction referring to drafts attached to the petition and offered in evidence to ascertain the measure of damages is not defective as referring the jury to the pleadings.

5. **———: Holding Out as Agent: Definition.** An instruction stating if defendant held out said F. to plaintiffs' cashier as his agent and as being authorized to purchase produce for him and draw drafts to pay for the same, is not objectionable because the term "held out as agent" was not defined.

6. **BANKS AND BANKING: Action on Draft: Deposit: Offset.** Plaintiff bank sued the defendant on certain drafts paid by it and at the time there was a deposit in the bank to the credit of the agent who drew the drafts. *Held*, a verdict for the full amount of the drafts was not excessive.

Appeal from Jackson Circuit Court.—*Hon. W. B. Teasdale*, Judge.

AFFIRMED.

*Hamner, Hamner & Calvin* for appellant.

(1) Proof upon the trial that respondent was a partnership and not a corporation, is not proof of a material allegation of the petition, but in fact a disproof thereof. R. S. 1899, sec. 572; R. S. 1899, sec. 746. (2) Instruction 1, for plaintiff is erroneous, as it submits that if the bank put money to Franse's credit in the bank, and allowed him ·the privilege of checking upon it, then the respondent could not recover; and it does not submit the question whether or not he actually did draw it out or any part thereof, and entirely ignores the question of appellant requesting defendant to pay the draft, as alleged in the petition. (3) For the further reason it is not based upon any evidence, and not supported by the evidence, and does not submit the issues of the petition and is misleading and well calculated to mislead average jurymen, and it did not submit whether the draft had been presented and payment thereof refused. (4) For the reason it refers the jury to the pleadings before a recovery could be calculated, such as court informs them they might render. Commission Co. v. Hunter, 91 Mo. App. 333. (5) Instruction 1 is improper as being in direct conflict with instruction 2, given on behalf of the appellant. Stone v. Hunt, 94 Mo. 481.

*Elijah Robinson* and *Harris Robinson* for respondent.

(1) When an agent draws a bill on his principal, in the course of the business of the principal, the drawer and the drawee are to be treated as the same person, and, to bind the drawee, acceptance of the bill is not necessary. McCormack v. Hickey, 24 Mo. App. 363; Daniel on Neg. Inst., sec. 128, and cases cited. (3) It is now immaterial whether or not the plaintiff is a corporation. (a) It is alleged in the petition that plaintiff is a corporation, and this allegation is not denied under oath, and is therefore taken as confessed for all the purposes of this action. R. S. 1899, sec. 746;

Bowring v. Railway, 90 Mo. App. 329; Faircloth v. Tinsley, 83 Mo. App. 588; Smith Co. v. Rembaugh, 21 Mo. App. 390. (b) By the express provisions of our statute, the defendant, by not raising the question as to defect of parties, waived the same. R. S. 1899, sec. 598; Iron Works v. Holmes, 62 Mo. App. 372; R. S. 1899, sec. 865; Bank v. Hughlett, 84 Mo. App. 274. (3) Plaintiff's instruction 1 is not subject to the objections urged against it by counsel for defendant. (4) Plaintiff's instruction 2 is not subject to the objection urged against it by counsel for defendant.

BROADDUS, J.—The plaintiff sues as a corporation under the laws of Missouri, doing a banking business in the county of Platt. The petition is in four counts, but at the trial, plaintiff dismissed as to the third and fourth and the cause was tried on the first and second, on which latter, the finding and judgment were for the plaintiff and defendant appealed.

According to plaintiff's evidence, in April, 1900, one R. L. Franse appeared at plaintiff's bank at Dearborn and informed the cashier thereof that he wanted the bank to pay drafts which he might at different times drawn on defendant to pay for poultry and produce to be shipped to defendant. Means, the cashier of the bank, thereupon called up defendant by telephone and asked him if he had a man at Dearborn to buy poultry and produce for him and defendant answered that he had. Then Means asked the name of the man and informed defendant that Franse wanted to draw drafts on him from time to time and asked if he would pay the drafts, to which defendant replied that he would. Then Means asked defendant how much he should let Franse draw, to which he answered: "Oh, well, let him draw on me from time to time, as he buys, and whatever he draws on me, will be all right."

The bank cashed drafts drawn on defendant by said Franse at different times up to about the first of January, 1902. On January 3, 1902, it cashed one such

draft for $200, and on the sixth of said month another for the sum of $145.38, both which were protested, the defendant having refused to pay them. The evidence was somewhat conflicting as to proof of agency.

. The first count of the petition is as follows:

"Plaintiff states to the court that at all the times hereinafter mentioned it was and still is a corporation organized under the laws of the State of Missouri, and doing a banking business at the city of Dearborn in said State; and one T. J. Means, Jr., was, at all times hereinafter mentioned and still is, cashier of said plaintiff bank; that the above-named defendant was, at all the times hereinafter mentioned, doing business at Kansas City, Missouri, and elsewhere, under the name of A. J. Fudge & Co., and that one R. L. Franse was at all the times hereinafter mentioned, the agent of said defendant, of which said fact plaintiff was informed by said defendant, and was, as such agent of said defendant and under his direction, engaged in the purchase of merchandise for said defendant.

"That on the third day of January, 1902, the said Franse, as the agent of said defendant and under his direction, drew his certain draft on said defendant (by the name of A. J. Fudge & Co.), whereby he directed said defendant to pay to said T. J. Means, Jr., as cashier of this plaintiff, on demand the sum of two hundred dollars ($200) for value received, which said draft was by said Franse on said third day of January, 1902, delivered to this plaintiff, and which draft is herewith filed.

"That on said third day of January, 1902, this plaintiff, at the request of said defendant, paid to said Franse said sum of $200 on said draft.

"That on the sixth day of January, 1902, said plaintiff presented said draft to said defendant and demanded payment thereof, but he then refused and still refuses to pay the same.  .  .  ."

The second count of the petition on the other draft

is practically the same in form. During the trial it developed that the Farmers' Bank of Dearborn was not a corporation but a partnership. At the close of plaintiff's case, defendant demurred to the evidence and the court's action in overruling the same is assigned as a ground for reversal. But this action of the court was not erroneous.

Section 598, Revised Statutes 1899, provides that defendant may demur to the petition when it appears upon its face there is a defect of parties plaintiff or defendant, and by section 602 it is provided that when the defect does not appear on the face of the petition, the objection may be taken by answer, otherwise the objection shall be deemed to have been waived. This statute has been construed in many cases, among which are the following: Gimbel v. Pignero, 62 Mo. 240; State v. Sappington, 68 Mo. 454; Railway v. Anthony, 73 Mo. 431; Walker's Admr. v. Deaver, 79 Mo. 664; Dodson v. Lomax, 113 Mo. 555.

Defendant challenges the correctness of plaintiff's first instruction which is as follows:

"The court instructs the jury that if you believe from the evidence in the case that R. L. Franse drew the drafts described in plaintiff's petition in this case and delivered the same to the plaintiff bank, and that plaintiff bank paid to said Franse the amount of said drafts, or placed the amount thereof to his credit and permitted him to check the same out in payment for produce, and if you further believe from the evidence in the case that at the time of drawing said drafts and delivering the same to plaintiff bank the said Franse was acting as agent for defendant in buying produce and drawing said drafts, or if you believe from the evidence in the case that the defendant held out said Franse to plaintiff's cashier as his agent and as being authorized to purchase produce for him and draw drafts for money with which to pay for the same, then

your verdict will be for plaintiff on both the first and second counts of the petition. . . ."

The objections are that it did not submit the question whether or not Franse did in fact draw any money out of plaintiff's bank and ignored the question whether or not appellant requested plaintiff to pay the drafts as alleged in the petition. As there was no controversy whatever but that Franse did draw the money from plaintiff's bank, it became immaterial to submit that matter to the jury. And if it were true, and the jury so found, that Franse was defendant's agent in issuing said drafts, it was also immaterial whether or not defendant requested plaintiff to pay the draft. This allegation of the petition was not necessary to authorize a recovery.

But it is also insisted that said instruction is in conflict with defendant's instruction number two. This latter instruction is as follows: "The court instructs the jury that if you believe from the evidence that at the time plaintiff's cashier and defendant had a talk over the telephone, defendant did not agree to pay all future drafts made on him by R. L. Franse and that Franse was not the agent of defendant . . . then your verdict will be for the defendant on every count in plaintiff's petition." This instruction submits only one question in the case, viz.: was Franse the agent of defendant at the time of drawing the drafts? The instruction is tautological in that it required not only that defendant agreed to pay future drafts drawn on him by Franse, but that he was defendant's agent. The agreement by defendant to pay the drafts constituted Franse his agent. And if he was his agent, the act was that of defendant, and the law implied an agreement. Te expression of one is the equivalent of the other.

Plaintiff's instruction is based upon the theory that defendant is liable if Franse was his agent at the time he signed the drafts, or he so held him out to

plaintiff as such. The petition alleges not only the agency of Franse, but, also, that defendant informed plaintiff that he was. That is, he held him out as such. Plaintiff's instruction number one was broad enough to cover the whole case, and if it was in conflict with defendant's, it was because the latter was not broad enough.

Another objection is that the instruction refers the jury to the pleading to ascertain the measure of damages. The language objected to does not so refer, but it does refer to the drafts described in the petition. And as these drafts were in evidence, the jury could not have been misled.

And it is also made an objection that the term used in said instruction, "holding out as agent," though a term well known to lawyers, was too complex for the average juryman. The quotation is inaccurate and therefore misleading. The language is, that if "defendant held out said Franse to plaintiff's cashier as his agent and as being authorized to purchase produce for him and draw drafts for money with which to pay for the same," etc. There was nothing complex in telling the jury what was meant by the term employed.

Defendant further contends that, as it appeared from the evidence that a part of the money yet remained of the deposit to the credit of Franse as the agent of defendant, the verdict and judgment for the full amount of the drafts in suit was excessive. This is a misapprehension. If the agency was established, such money was that of the defendant and which plaintiff might apply as a credit only in the event it fails to collect its judgment. But having failed to credit the same on the drafts themselves would not preclude it from a recovery of the full amount at their face value.

The defendant's counsel have been unusually fertile in finding objections to the action of the court, some of which we think are immaterial or at least purely

technical. The case was fairly tried and the jury under the evidence was warranted in finding for the plaintiff. Cause affirmed. All concur.