SCIENTIFIC AMERICAN CLUB, Respondent, v. HORCHITZ, Appellant.

**St. Louis Court of Appeals, December 17, 1907.**

1. **JUSTICES OF THE PEACE:** Notice of Appeal: Jurisdiction: Foreign Corporation.   On appeal by defendant from a judgment by a justice of the peace, where no notice of appeal had been given and the time had passed for such notice, the circuit court could entertain a motion to dismiss the suit for want of jurisdiction over the subject matter of the suit if such want of jurisdiction appeared on the face of the proceedings in the justice court.

2. ——: ——: ——: ——: Collateral Attack.   But where in such case the motion to dismiss was on the ground that the plaintiff was a foreign corporation not authorized to do business in this State, which fact did not appear on the face of the proceedings, this was a collateral attack upon the judgment of the justice and could not be entertained nor prevent an affirm-

ance on motion for want of notice of appeal. Section 4076, Re-
vised Statutes 1899, is mandatory in its requirement that the
circuit court shall affirm the judgment of a justice where no
notice of appeal has been given.

3. **FOREIGN CORPORATIONS: Parties: Capacity to Sue.** The
defense that the plaintiff is a foreign corporation which has
not complied with the statutes in this State entitling it to do
business in this State, is an affirmative one and must be pleaded
and proved by the defendant in order to be available.

Appeal from St. Louis City Circuit Court.—*Hon. Dan-
iel G. Taylor,* Judge.

Affirmed.

*Frank K. Ryan* for appellant.

(1)    In a suit before a justice by a foreign corpo-
ration, its statement which sets forth that it is such
corporation should further aver permission of the State
to maintain suits in Missouri, since such permission is
jurisdictional and may be raised at any time, and is not
waived by an appeal of the defendant and a failure to
give notice of such appeal.    An affirmance by the cir-
cuit court on appeal from such a judgment will not im-
part to it any validity.    Hague v. Ward, 89 Mo. App.
186; Amusement Co. v. Amusement Co., 192 Mo. 404;
State ex inf. v. Standard Oil Co., 194 Mo. 124; Mill &
Lumber Co. v. Sims, 197 Mo. 507; Buggy Co. v. Priebe,
100 S. W. 558; Roeder v. Robertson, 100 S. W. 1086;
Pier v. Heinrichoffen, 52 Mo. 336; Taber v. Bldg. &
Loan Assn., 91 Texas 92; Huffman v. West Mfg. & Inv.
Co. (Tex. Civ. App.), 36 S. W. 306; B. & L. Assn. v.
Skinner, 16 Tex. Civ. App. 475; Peters v. Anheuser-
Busch B. Assn. (Tex. Civ. App.), 55 S. W. 516; Insur-
ance Co. v. Security Co. (Tex. Civ. App.), 54 S. W. 886,
916; Chapman v. Cash Reg. Co. (Tex. Civ. App.), 73
S. W. 969; Cumberland Co. v. Canter Lumber Co., 35
S. W. —; Mullens v. Mortgage Co., 88 Ala. 280.    (2)

The circuit court had jurisdiction to hear the defendant's motion to dismiss the proceedings without any notice of appeal.    Holdridge v. Marsh, 28 Mo. App. 283; Lee v. Kaiser, 80 Mo. 435; Craig v. Smith, 65 Mo. 536; State ex rel. v. Heinrich, 14 Mo. App. 146; Dugan v. Scott, 37 Mo. App. 663; Latshaw v. McNees, 50 Mo. 381; In re Tony, 11 Mo. 661; Powell v. Gott, 13 Mo. 549; Clowser v. Noland, 72 Mo. App. 217; Fisher v. Fisher, 114 Mo. App. 627.

*Bishop & Cobbs* for respondent.

(1)   It was mandatory on the circuit court to affirm the judgment for failure to serve notice of appeal. It had no jurisdiction to entertain defendant's motion to dismiss suit.    Wolff v. Coffin, 46 Mo. App. 192; Butler v. Pierce, 115 Mo. App. 40; Cooksey v. Railroad, 17 Mo. App. 132; Hammel v. Weis, 54 Mo. App. 16. (2)   It is not necessary, in this State, for a foreign corporation to allege compliance with the statute, in order to maintain a suit.    Compliance will be presumed. Its failure to comply is a matter of defense.    Parlin & Orendorff Co. v. Boatman, 84 Mo. App. 72; Insurance Co. v. Smith, 73 Mo. 371; State to use v. Hudson, 86 Mo. App. 513.

BLAND, P. J.—The action was begun before J. J. Spaulding, Esq., a justice of the peace, in the city of St. Louis.    An answer was filed to the complaint and the issues were tried by the justice, on May 28, 1906, resulting in a judgment for plaintiff.    On June 9, 1906 (seven days after the judgment was rendered by the justice), defendant took an appeal to the circuit court.    No notice of the appeal was ever served on plaintiff.    After the lapse of three terms of the circuit court, to-wit, the June, October and December terms, 1906, plaintiff, at the February term, 1907, filed

128 App.—37

its motion to affirm the judgment of the justice, for the reason no notice of the appeal had been given. At the same term, defendant filed the following motion (omitting caption) which was supported by an affidavit:

"Now comes Louis Horchitz, defendant in the above-entitled cause, and moves to dismiss the proceedings herein for the reason that the plaintiff was a foreign corporation organized under the laws of the State of New York and resident in this State and doing business herein at the times mentioned in plaintiff's petition herein, and that the transactions alleged in said petition were had in this State; that plaintiff had not previously complied with the provisions of sections 1025, 1026, Revised Statutes 1899; that it had not filed in the office of the Secretary of State a copy of its charter or certificate of incorporation, nor made a sworn statement of the proportion of its capital stock represented by property located, or business transacted, in the State of Missouri, nor paid its incorporating fees as required by law, and had no capacity to make contracts in this State, or a right to sue for the matters and things set forth in its said petition or cause of action herein."

On motion of plaintiff, defendant's motion was stricken from the files, the motion to affirm the judgment of the justice was sustained, and the judgment affirmed. After taking the proper steps to preserve his exceptions, defendant appealed. His contention is, the circuit court had jurisdiction to hear the motion to dismiss the suit, notwithstanding no notice of the appeal was given. This would be so if it appeared on the face of the proceedings in the justice's court that he had no jurisdiction over the subject-matter of the suit, or that plaintiff was incapacitated to prosecute the suit; nothing of the kind, however appears upon the proceedings before the justice. The motion filed by defend-

ant to dismiss the suit was, therefore, a collateral attack upon the judgment of the justice and not upon matters appearing on the face of the proceedings or set up as a defense in the answer filed before the justice, and hence rests entirely *in pais*.    It attacked the capacity of the plaintiff to prosecute the action in the courts of this State.    To be available as a defense, plaintiff's incapacity to sue should have been pleaded in the answer.    The cases cited by defendant's learned counsel have no application to the situation in this case.    It is true, the complaint alleges plaintiff is a New York corporation and does not allege compliance by it with the laws of this State, to entitle it to make contracts and enforce them in the courts of this State, but compliance wih the laws of the State will be presumed and failure to comply is purely a matter of defense.    [American Ins. Co. v. Smith, 73 Mo. l. c. 371; Parlin & Orendorff Co. v. Boatman, 84 Mo. App. l. c. 72.]    Where an appeal is taken from the judgment of a justice on a day after the judgment was rendered, and no notice of the appeal is served on the opposite party, the statute (section 4076, R. S. 1899) is mandatory that the circuit court affirm the judgment.    [Butler v. Pierce, 115 Mo. App. l. c. 41, 90 S. W. 425, and cases cited.]

The judgment is affirmed.    All concur.