# SCIENTIFIC AMERICAN CLUB, Respondent, v. LOUIS HORCHITZ et al., Appellants.

### St. Louis Court of Appeals, November 12, 1912.

1. **CONSTITUTIONAL QUESTION: Elimination: Appellate Practice.** Where the Supreme Court transfers a case appealed to it to one of the courts of appeals, on the ground it has no jurisdiction, constitutional questions sought to be raised are eliminated.

2. **RES ADJUDICATA: Matters Concluded: Foreign Corporations: Right to Sue.** A judgment of a court having jurisdiction of the parties and subject-matter is conclusive on the parties as to all matters in issue or tried, or which could have been tried, and the right of a foreign corporation to maintain an action is an issue than can be tried, and hence a judgment for such a corporation is conclusive as to its right to maintain the action.

3. **JUSTICES' COURTS: Appeal to Circuit Court: Conclusiveness of Judgment on Surety.** A surety on an appeal bond, on appeal to the circuit court from a judgment of a justice of the peace, is in privity with the judgment debtor, and the judgment is binding on both.

4. **FOREIGN CORPORATIONS: Right to Sue: Affirmative Defense.** The fact that the plaintiff in an action is a foreign corporation raises no presumption that it is not authorized to do business in this State, but that is an affirmative defense which, to be effective, must be made and sustained.

5. **EXECUTIONS: Attack: Sufficiency: Foreign Corporations: Right to Sue.** If it were allowable (which it is not) for an execution defendant to attack the execution on the ground that the plaintiff is a foreign corporation, not authorized to do business in this State, the mere filing of an *ex parte* affidavit, not brought to the attention of the court, in support of the motion to quash the execution, setting out that the foreign corporation had not complied with the statute, would not establish the truth of the matter set up in the affidavit nor be sufficient to sustain the attack on the execution.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor*, Judge.

AFFIRMED.

*Frank K. Ryan* for appellants.

(1) A foreign corporation, doing business in Missouri and not having complied with our statute, cannot maintain any suit or action in any of the courts of this State. R. S. 1909, secs. 3037, 3038, 3039 and 3040; Shoe Machinery Co. v. Ramlose, 210 Mo. 631; Zinc & Lead Co. v. Mining Co., 221 Mo. 7. (2) The issuing of an execution on behalf of a party in whose favor a judgment has been rendered is the maintaining of a suit or action by such party. 17 Cyc. 986, 1076, 1077; Davis v. McCann, 143 Mo. 172; Eckerle v. Wood, 95 Mo. App. 378; Gurnee v. Brunswick, 11 Fed. Cas. (U. S.) 117; Dobbins v. Bank, 112 Ill. 553; Coal Co. v. City, 158 Ill. 9; Callen v. Ellison 13 Ohio St. 446; People v. Rensselaer, 13 How. Prac. 398; Lackawanna v. Bates, 56 Fed. 737; Murphy v. Cochran, 1 Hill's 339; Hurlbutt v. Currier, 68 N. H. 94; Kuklence v. Vocht, 4 Pa. C. C. 370. (3) Issuing and levying an execution on behalf of an unlicensed foreign corporation upon a summary judgment against a surety on an appeal bond is not due process of law. Barber Asphalt Co. v. Ridge, 169 Mo. 376. (4) A judgment based upon a contract which is illegal and void, either because it is *malum in se* or *malum prohibitum,* is not enforcible against a party who had no opportunity to set up the illegality of the contract at the time of the rendition of the judgment. Bredin's Appeal, 92 Pa. 245; Given's Appeal, 121 Pa. 260.

*Bishop & Cobbs* for respondent.

(1) It is an elementary and well-settled rule, that joint assignments of error must be good as to all who join therein, or will not be available to any of them. 2 Cyc. 1003. (2) The question as to whether or not a foreign corporation is guilty of doing business in this State without a license, so as to bar it from maintaining a suit in this State, is a question of fact, to be

alleged and proved as a defense. It cannot be raised for the first time in a motion to quash an execution. Parlin & Orendorff Co. v. Boatman, 84 Mo. App. 667; Insurance Co. v. Smith, 73 Mo. 368; State for use v. Hudson, 86 Mo. App. 501; American Club v. Horchitz, 128 Mo. App. 575. (3) A judgment entered against a surety on an appeal bond, in accordance with an express statute, constitutes due process of law.

REYNOLDS, P. J.—Plaintiff commenced its action before a justice of the peace to recover a debt claimed to be due it by the defendant Horchitz. On trial before the justice there was a verdict and judgment for plaintiff. Seven days after the judgment was rendered, defendant appealed to the circuit court, giving an appeal bond with appellant Levin as surety. No notice of the appeal having been served on plaintiff, and after the lapse of several terms of the circuit court, plaintiff filed its motion to affirm the judgment of the justice for failure to give notice of the appeal. At the same term defendant Horchitz filed a motion to dismiss the appeal for the reason that plaintiff was a foreign corporation, organized under the laws of the State of New York and that at the times mentioned in the petition or statement in the case it was not authorized to do business in this State by its failure to comply with the provisions of what is now section 3039, Revised Statutes 1909, and under what is now section 3040, it could not maintain any action or suit  This motion was stricken from the files by the circuit court and the motion to affirm the judgment of the justice sustained, the judgment being rendered in the circuit court in favor of respondent, plaintiff below, and against Horchitz, the defendant in the case, and Levin his surety on his appeal bond. Whereupon defendant Horchitz appealed to this court, where the judgment of the circuit court was affirmed. [See Scientific American Club v. Horchitz, 128 Mo. App. 575, 106

S. W. 1117.] Execution thereupon issued out of the office of the clerk of the circuit court against Horchitz and Levin, who thereupon filed their motion to quash the execution, alleging the same grounds as set out in the former motion, that is failure of plaintiff to comply with the provisions of section 3039, supra, and upon the further ground that the summary judgment against defendant Levin, surety on the appeal bond, and issue of execution thereon deprived him of his property without due process of law, in violation of the provisions of the Constitution of this State and of that of the United States, "and deprived him of that right and justice and the administration thereof guaranteed by section 10, article II, of the Constitution of Missouri." This motion was sworn to by defendant Horchitz, who filed an affidavit to the effect that he was well acquainted with the ownership and management of plaintiff and its method of doing business and that he knew that plaintiff had not obtained a license to do business in this State, having made an examination in the office of the Secretary of State; that he had also received a letter from the Secretary of State, attached to the affidavit, to the effect that the Secretary of State was unable to locate any foreign corporation licensed in this State under the name of Scientific American Club. Beyond filing this affidavit it does not appear that anything else was done concerning the motion to quash the execution. It does not appear that any evidence was offered in support of the motion, it not even appearing that this affidavit was ever presented to or called to the attention of the trial judge. The court overruled the motion to quash the execution, defendants excepting. Praying an appeal to the Supreme Court of this State and filing bond, defendants duly perfected their appeal to that court. The Supreme Court transferred the cause to this court on the ground that the amount involved did not ex-

ceed the sum of $7500 and that the Supreme Court had no jurisdiction of the cause on appeal.

It follows from this that the constitutional questions sought to be raised are out of the case, the only matter remaining for our consideration being the action of the circuit court in overruling the motion to quash the execution.

Learned counsel for appellants contend that suing out the execution is a new and distinct suit or action and that defendants are at liberty to attack that execution on the ground that the plaintiff corporation was not and is not authorized to do business in this State and cannot maintain any action or suit in this State.

Without going into an examination of the authorities cited by counsel or an elaborate discussion of the proposition, it is sufficient to say that the judgment in the case which was originally entered, was rendered by a court having jurisdiction over the parties and the subject-matter and is conclusive on the parties to it as to all matters which were in issue or which could have been brought up in the trial of the cause. Whether the right of plaintiff to maintain the action was or was not there in issue or tried, it was an issue which could have been there tried, and "the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." 2 Taylor on Evidence (8 Ed.), page 1454, sec. 1702, cited and quoted approvingly by our Supreme Court in Chouteau v. Gibson, 76 Mo. 38, 1. c. 46. Defendant Levin, as surety on the appeal bond, is in privity with the defendant Horchitz and that judgment is binding on both of them. [Taylor on Evidence, Id., sec. 1684.]

If, however, we are to go behind the judgment of the justice and enter upon an attack on the execution, it is clear that defendants have not produced any proof tending to sustain that attack. It is a well-settled rule in our State that the fact that plaintiff is a foreign corporation, raises no presumption that it is not authorized to do business in this State. That is an affirmative defense to the action which must be made and sustained. [See American Ins. Co. v. Smith, 73 Mo. 368; Parlin & Orendorff Co. v. Boatman, 84 Mo. App. 67; State to use v. Hudson, 86 Mo. App. 501; Scientific American Club v. Horchitz, supra.] The mere filing of an affidavit, without any showing that it was ever presented to or considered by the court, is very far from such an attack, very far from establishing the truth of the matter set up in that affidavit. So that even granting for the sake of the argument that defendants were at liberty to attack this execution for the reasons stated in the motion to quash, they have entirely failed, by any affirmative testimony, to establish the averments of their motion.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.