IROQUOIS MANUFACTURING COMPANY, Respondent, v. ANNAN-BURG MILLING COMPANY et al., Appellants.

St. Louis Court of Appeals. Submitted on Briefs November 3, 1913. Opinion Filed December 2, 1913.

1. PLEADING: Caption: Surplusage. The words "a corporation," appearing in the caption of a petition after the name of the plaintiff, may be disregarded as surplusage, where the body of the petition contains no averment that plaintiff is a corporation.

2. ———: ———: ———. The caption of a petition is no part of the petition.

3. PARTNERSHIP: Actions: Parties. Actions by a partnership should be brought in the names of the individual partners, and if brought in the firm name, there is a defect of parties.

4. CORPORATIONS: Questioning Corporate Existence: Pleading. Sec. 1985, R. S. 1909, declaring that the fact of incorporation need not be proved unless put in issue by affidavit filed with the pleadings, does not make the affidavit part of the answer,

but, in order to raise the question as to the corporate existence of plaintiff, it is necessary that the answer contain a denial of such existence.

5. PLEADING: Defect of Parties: How raised. Where a defect of parties appears on the face of the petition, it must, under Sec. 1800, R. S. 1909, be taken advantage of by demurrer, but, if not so appearing, it must, under section 1804, be taken advantage of by answer, or the defect is waived.

6. ESTOPPEL: Pleading. Ordinarily, an estoppel, to be availed of, must be pleaded.

7. ———: Action on Appeal Bond: Estoppel to Question Corporate Capacity of Plaintiff. Plaintiff, in the caption of the petition, was described as a corporation, but no averment concerning its corporate existence was set forth in the body of the petition. Defendant appealed from a judgment for plaintiff, and gave an appeal bond in favor of plaintiff. Defendant did not raise the question as to the corporate existence of plaintiff or its right to sue as a corporation; but, in an action on the appeal bond, after the judgment had been affirmed, the surety (who was the attorney for defendant) sought to defend on the ground that plaintiff was not a corporation but the name used by plaintiff was merely the trade name of a copartnership. *Held*, that, notwithstanding estoppel was not pleaded, the surety should, in furtherance of justice, be held to be estopped to set up such defense.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*George F. Beck* for appellants.

(1) The affidavit filed with defendants' answer properly put in issue plaintiff's corporate existence. R. S. 1909, sec. 1985; White v. I. O. O. F., 30 Mo. App. 682; Meyer Bros. v. Insurance Co., 73 Mo. App. 166. (2) The rule denying the right to question, in a collateral proceeding, a corporation's existence applies only where the corporation had a *de facto* existence. White v. I. O. O. F., 30 Mo. App. 682; Board of Trade v. Building Co., 136 Ill. App. 606; Krutz v. Town Co., 20 Kan. 397; Jones v. Hardware Co., 21 Col. 263; Mar-

tin v. Deetz, 102 Cal. 55.   (3)   The reason of the rule
is that it would be against public policy to allow the
parties to deny the existence of a *de facto* corporation.
2 Cook on Private Corporations (5 Ed.), sec. 637, p.
1422; 2 Morawetz on Private Corporations, sec. 750;
Clark & Marshall on Private Corporations, sec. 243.
(4)   The Iroquois Manufacturing Company cannot
maintain the suit as a corporation *de facto*, because all
the essentials of a *de facto* corporate existence are
lacking.   It is a partnership.   10 Cyc. 247; 2 Mora-
wetz on Private Corporations, sec. 777; Mechem on
Private Corporations, secs. 285 and 260; Clark & Mar-
shall on Private Corporations, pp. 241 and 260.   (5)
The partnership cannot maintain the suit as a cor-
poration on the theory of estoppel because the part-
ners never claimed to be a corporation *de facto*.  Board
of Trade v. Imperial Building Co., 136 Ill. App. 606;
Krutz v. Town Co., 20 Kan. 397; Jones v. Hardware
Co., 21 Col. 263; Martin v. Deetz, 102 Cal. 55.   (6)
Defendants never recognized plaintiff as a corpora-
tion.   The name Iroquois Manufacturing Company
does not imply incorporation.   Clark v. Insurance Co.,
7 Mo. App. 77; White v. I. O. O. F., 30 Mo. App. 682;
2 Cook on Private Corporations, secs. 637 and 243.
(7)   Plaintiff waived any question of estoppel by fail-
ing to specifically plead it.   Railroad v. Ry. & Naviga-
tion Co., 22 Fed. 245; Whiteside v. Magruder, 75 Mo.
App. 364; Hammerslough v. Cheatham, 84 Mo. 13;
Bray v. Blount, 77 Mo. 235.

*Russell I. Tolson* for respondent.

REYNOLDS, P. J.—This is an action on a bond
given by appellants to respondent on an appeal from a
judgment of the circuit court to this court, in a cause
in which the respondent here was plaintiff and the
Annan-Burg Milling Company defendant, the Annan-
Burg Milling Company executing it as principal, and

Henry Burg and George F. Beck as sureties, one the attorney, the other a member of the defendant corporation. It is for the sum of $200, and after reciting that the Annan-Burg Milling Company has appealed from the judgment rendered against it and in favor of the Iroquois Manufacturing Company in the circuit court, city of St. Louis, for the sum of $53.80, together with costs, it contains the usual conditions that appellant should prosecute its appeal with diligence to a decision in the appellate court, etc. Averring that the condition has been broken in that the principal had not prosecuted the appeal, but that the appeal had been dismissed and the judgment of the circuit court affirmed, and that execution had issued on the judgment of this court, and had been returned unsatisfied, judgment is asked for the penalty of the bond and damages in $109.83, and interest and costs.

An answer was filed to this on the 21st of April, 1911, which consists of a general denial, not under oath. On the 21st of May, 1911, George F. Beck filed an affidavit that at the time of the commencement of the action, there was not, nor is there now, any such corporation as the Iroquois Manufacturing Company named as plaintiff herein. The case was tried by the court, a jury being waived, and evidence introduced on the part of plaintiff which included the bond, the judgment of the circuit court in the case of Iroquois Manufacturing Company v. Annan-Burg Milling Company, the judgment of affirmance by our court, its mandate of affirmance, as also the execution issued out of the circuit court against the Annan-Burg Milling Company in that cause and the *nulla bona* return of the sheriff on the execution. Defendants demurred to the evidence. That was overruled. Whereupon defendants introduced in evidence, over the objection of respondent, a deposition which tended to prove that the Iroquois Manufacturing Company was a partnership of three individuals, carrying on business under that name and

was not a corporation. At the conclusion of the testimony the court, refusing a declaration asked by the appellants here, which was in the nature of a demurrer to the evidence, rendered judgment against defendants for the penalty of the bond and awarded execution for the debt, interest and costs. From that defendants have duly prosecuted their appeal to this court.

The affidavit interposed was undoubtedly considered by the trial court as ineffective for the purpose of raising an issue. While in the caption of the petition, after the name of the plaintiff, the words, "a corporation," appear, these are mere words of surplusage, disregarded even in a criminal cause. [State v. Murphy, 49 Mo. App. 270.] It has often been decided that the caption or style is no part of the petition. [Pattison, Code Plead. (2 Ed.), secs. 264-270.] In the petition itself there is no averment that plaintiff is a corporation. If a partnership and the members not made plaintiffs, there is a defect of parties. Appellants attempted to raise the issue of corporation by affidavit filed long after the filing of a general denial. It is true that section 1985, Revised Statutes 1909, provides that where the parties to the action sue or are sued as a corporation, it shall not be necessary to prove the fact of such incorporation unless the opposite party put such fact in issue by affidavit filed with the pleadings in the cause. But this does not make the affidavit a part of the answer. It is in aid of the answer but not of the answer. This section is to be construed in connection with other provisions of the statute. Conceding that we have here a defect of parties, that is, it appearing by evidence in the case and outside the pleadings that "Iroquois Manufacturing Company" is the trade name of a partnership, undoubtedly the members of the firm should have been named as parties plaintiff, suing under their firm name. That was not done. A defect of parties, the defect appearing on the face of the petition, must be taken advan-

tage of by demurrer (secton 1800, R. S. 1909); not so appearing, then by answer; failing that the defect is waived (section 1804, Revised Statutes 1909).

While there was evidence by way of deposition that plaintiff's name was that of a partnership and not that of a corporation, the learned trial judge properly disregarded it, for the sufficient reason, as above given, that there was no issue as to defect of parties raised by the answer. So the Kansas City Court of Appeals held in Farmers' Bank of Dearborn v. Fudge, 109 Mo. App. 186, 82 S. W. 1112, a case that on this point nearly parallels that at bar.

Over and above this, there is no merit in this contention first here made, that plaintiff in this case is not a corporation but a partnership. While it is true that the respondent did not plead estoppel, as it might have done, and as is generally necessary to make estoppel available, the defense attempted to be here made is so glaringly unfair when now interposed that we would not hesitate here to apply that doctrine in furtherance of justice. Respondent sued in the name of Iroquois Manufacturing Company in the original cause; under that title the case went to trial and judgment before the justice and in the circuit court. No issue as to corporation seems to have been there raised. The Annan-Burg Milling Company appealed from that judgment to our court and executed a bond with its own attorney as surety, in favor of respondent in the name, "Iroquois Manufacturing Company." The appeal was abandoned and execution duly issued and returned *nulla bona.* Called upon to respond on the bond voluntarily given to respondent in its trade name, appellants first attempt to raise the issue of corporate existence.

We considered a question somewhat germane to this in Scientific American Club v. Horchitz et al., 168 Mo. App. 35, 151 S. W. 475. While that case is not altogether applicable here, we repeat what is there

said (l. c. 39) when referring to the attack on an execution which was issued on a judgment rendered: "Whether the right of plaintiff to maintain the action was or was not there in issue or tried, it was an issue which could have been there tried, and 'the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'" The subquote embodied in the above is from 2 Taylor on Evidence (8 Ed.), p. 1454, sec. 1702.

Under both these views, legal and equitable, we hold that the defense undertaken to be here interposed is unavailable.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.